■ In the Matter of KEITH P. LIBOLT et al., Appellants, v TOWN OF IRONDEQUOIT ZONING BOARD OF APPEALS et al., Respondents. [885 NYS2d 806]—

Appeal from a judgment (denominated order) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered April 14, 2008 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: In May 2007, petitioner The Brotherhood of Saint Joseph, Inc. (The Brotherhood), a religious order incorporated under the Not-for-Profit Corporation Law, purchased property located in an R-1 residential district in respondent Town of Irondequoit (Town). Thereafter, The Brotherhood began operating a temporary group housing program designed

to facilitate the reentry into society of men who had recently been incarcerated based on their convictions of nonviolent drug or alcohol related crimes. As a condition of residence at the facility, The Brotherhood required each resident to sign a "Post-Release Transitional Housing Contract" and to pay a per diem fee of $25. Residents were encouraged, but not required, to attend a religious service of their choice on a weekly basis.

In September 2007, the Town issued a notice of violation based upon, inter alia, its determination that petitioners were operating a "halfway house," which was not a permitted use in an R-1 district. Upon petitioners' subsequent appeal to respondent Town Zoning Board of Appeals (ZBA), the ZBA determined that petitioners were not using the property as a single-family residence and that petitioners' use of the property primarily as a "halfway house" constituted a violation of section 235-3 of the Town's Zoning Law.

We conclude that Supreme Court properly denied the relief sought by petitioners in this CPLR article 78 proceeding, i.e., the annulment of the ZBA's determination, and thus properly implicitly dismissed the petition.

We reject petitioners' contention that the determination was "arbitrary, capricious, an abuse of discretion, and clearly affected by errors of law." Pursuant to section 235-4 (B) of the Town's Zoning Law, a family is defined as "[a]ny number of individuals living together as a single housekeeping unit and doing their cooking on premises, as distinguished from a group occupying a boarding- or rooming house or hotel." It is well settled that, "[u]nder a zoning ordinance which authorizes interpretation of its requirements by the board of appeals, specific application of a term of the ordinance to a particular property is . . . governed by the board's interpretation, unless unreasonable or irrational" (*Matter of Frishman v Schmidt,* 61 NY2d 823, 825 [1984]). We conclude that the ZBA's determination that petitioners did not use the property as a single-family residence or a church within the meaning of sections 235-4 and 235-8, respectively, of the Town's Zoning Law is not arbitrary or capricious, an abuse of discretion, or affected by errors of law, and we further conclude that the determination is supported by substantial evidence (*see generally Matter of Wind Power Ethics Group [WPEG] v Zoning Bd. of Appeals of Town of Cape Vincent,* 60 AD3d 1282 [2009]; *Matter of Carrier v Town of Palmyra Zoning Bd. of Appeals,* 30 AD3d 1036, 1037 [2006], *lv denied* 8 NY3d 807 [2007]).

Contrary to the further contention of petitioners, the ZBA's interpretation of the Zoning Law did not place an unconstitu-

tional restraint on their exercise of religion. The ZBA's determination was in furtherance of the compelling governmental interest in maintaining the R-1 district as a single-family residential zone, and the cause of action alleging the violation of the Religious Land Use and Institutionalized Persons Act of 2000 must fail, inasmuch as it cannot be said that the ZBA's determination, i.e., the denial of permission to operate a "Transitional Housing" facility under contract with "clients" who pay a per diem fee of $25 per day for a room, "imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution" (42 USC § 2000cc [a] [1]; *see Third Church of Christ, Scientist, of N.Y. City v City of New York*, 617 F Supp 2d 201, 208-209 [SD NY 2008]). Finally, we reject the contention of petitioners that the ZBA erred in determining that their use of the property did not constitute the continuation of a prior nonconforming use (*see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville*, 98 NY2d 683, 685 [2002]). Present—Smith, J.P., Centra, Fahey, Carni and Pine, JJ.