GLACIAL AGGREGATES LLC, Respondent, v TOWN OF YORKSHIRE, Appellant. [—— NYS2d ——]——

Appeal from a judgment of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered August 27, 2007 in a declaratory judgment action. The judgment, upon a jury verdict, declared, inter alia, that the mining of sand and gravel aggregate was a lawful nonconforming use on certain property of plaintiff and awarded money damages to plaintiff. The judgment was reversed by order of this Court entered December 31,

2008 in a memorandum decision (57 AD3d 1362 [2008]), and plaintiff appealed to the Court of Appeals from the order of this Court, and the Court of Appeals on February 18, 2010 reversed the order in an opinion and remitted the case to this Court for consideration of issues raised but not determined on the appeal to this Court (14 NY3d 127 [2010]),

Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,

It is hereby ordered that, upon remittitur from the Court of Appeals, the judgment so appealed from is unanimously affirmed without costs.

Memorandum: On a prior appeal in *Glacial Aggregates LLC v Town of Yorkshire* (57 AD3d 1362 [2008]), we granted defendant's motion for a directed verdict, which had been denied by Supreme Court during a jury trial. We granted judgment in favor of defendant declaring that plaintiff's mining of sand and gravel aggregate on the property in question (property) was not a lawful nonconforming use of the property as a sand and gravel mine and that plaintiff did not acquire a vested right to mine the property. The Court of Appeals reversed our order and remitted the case to this Court "for consideration of issues raised but not determined," in light of our reversal (*Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127, 138 [2010]).

Upon remittitur, we conclude that Supreme Court properly denied defendant's motion "to dismiss and/or" for summary judgment dismissing the amended complaint. In support of the motion, defendant contended, inter alia, that plaintiff did not have a nonconforming use at the time the zoning ordinance was enacted and did not have a vested right to mine the property. Even assuming, arguendo, that defendant met its initial burden in that respect, we conclude that the court properly determined that plaintiff raised triable issues of fact sufficient to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff established that it had invested several hundred thousand dollars to purchase the land and to obtain permits from the Department of Environmental Conservation to mine the property; that it had cleared trees and built a haul road; that it designed and purchased the materials to build the bridge required as part of the permit; and that it monitored wells and engaged in test drilling.

Defendant further contended in support of its motion that the cause of action pursuant to 42 USC § 1983 was time-barred because the action was commenced more than three years after the zoning ordinance prohibiting mining activities was enacted,

on June 11, 2001. It is axiomatic that the statute of limitations begins to run when a cause of action accrues (*see Britt v Legal Aid Socy.*, 95 NY2d 443, 446 [2000]). Here, defendant advised plaintiff by letter dated July 8, 2004 that it was not authorized by defendant to mine the property, and the cause of action in question accrued based on that letter (*see Dinerman v City of N.Y. Admin. for Children's Servs.*, 50 AD3d 1087 [2008]). The action was commenced on August 23, 2004, and thus the cause of action pursuant to 42 USC § 1983 was timely.

In addition, defendant contended in support of its motion that plaintiff's cause of action pursuant to 42 USC § 1983 was not ripe for judicial review. "Civil rights claims are not justiciable until the municipality has 'arrived at a definitive position on the issue that inflicts an actual, concrete injury' " (*Town of Orangetown v Magee*, 88 NY2d 41, 50 [1996], quoting *Williamson County Regional Planning Comm'n v Hamilton Bank of Johnson City*, 473 US 172, 193 [1985]). Here, plaintiff was unable to obtain financing for the full-scale mining operation because defendant advised plaintiff in the letter dated July 8, 2004 that plaintiff was not authorized to mine the property. Under the circumstances of this case, we reject defendant's contention that defendant's Town Board was not authorized to make the determination that plaintiff was prohibited from engaging in mining activities. Thus, we conclude that defendant had " 'arrived at a definitive position on the issue that inflict[ed] an actual, concrete injury' " on plaintiff (*id.*), and thus that the cause of action pursuant to 42 USC § 1983 was indeed ripe for judicial review.

Finally, contrary to defendant's contention, we conclude that the evidence at trial established that plaintiff did not abandon the nonconforming use of the property. "Abandonment does not occur unless there has been a complete cessation of the nonconforming use," and that is not the case here (*Matter of Marzella v Munroe*, 69 NY2d 967, 968 [1987]; *cf. Matter of Vite, Inc. v Zoning Bd. of Appeals for Town of Greenville*, 282 AD2d 611 [2001]). Present—Scudder, P.J., Martoche, Smith, Centra and Peradotto, JJ.