# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**693**

**CA 10-02317**

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, GORSKI, AND MARTOCHE, JJ.

---

GLACIAL AGGREGATES LLC, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

TOWN OF YORKSHIRE, DEFENDANT-APPELLANT.

---

JOHN J. FLAHERTY, TOWN ATTORNEY, WILLIAMSVILLE, DAVID J. SEEGER, BUFFALO, SPECIAL COUNSEL FOR DEFENDANT-APPELLANT.

MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (SEAN J. MACKENZIE OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Cattaraugus County (Larry M. Himelein, A.J.), entered June 15, 2010. The judgment awarded plaintiff attorneys' fees and disbursements in the amount of $69,822.89.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Defendant appeals from a judgment awarding plaintiff, inter alia, attorneys' fees pursuant to 42 USC § 1988 (b) as the prevailing party on the cause of action seeking damages pursuant to 42 USC § 1983. We affirm. According to plaintiff, defendant violated its due process rights pursuant to the Fourteenth Amendment of the United States Constitution by depriving plaintiff of its vested right to mine the property in question. Following a jury trial, plaintiff was awarded damages. This Court reversed the judgment, granted defendant's motion for a directed verdict and dismissed the 42 USC § 1983 cause of action (*Glacial Aggregates LLC v Town of Yorkshire*, 57 AD3d 1362, *revd* 14 NY3d 127). The Court of Appeals, however, determined that plaintiff had established a vested right to mine the property, and it therefore reversed our order and remitted the matter to this Court for consideration of the issues raised but not determined on the appeal to this Court (*Glacial Aggregates LLC v Town of Yorkshire*, 14 NY3d 127, *rearg denied* 14 NY3d 920). Upon remittitur from the Court of Appeals, we rejected defendant's remaining contentions and affirmed the judgment (*Glacial Aggregates LLC v Town of Yorkshire*, 72 AD3d 1644, *appeal dismissed* 16 NY3d 760). Thus, contrary to defendant's contention, plaintiff is a prevailing party pursuant to 42 USC § 1988 (*see generally Matter of Johnson v Blum*, 58 NY2d 454, 457-459).

Contrary to the further contention of defendant, we conclude that

plaintiff's motion for attorneys' fees pursuant to 42 USC § 1988 was timely inasmuch as it was filed approximately 2½ months after the judgment on the verdict was filed and approximately two months after Supreme Court denied defendant's motion to set aside the verdict (*see generally Felder v Foster*, 86 AD2d 766).

We note that plaintiff filed the judgment for, inter alia, attorneys' fees with the Cattaraugus County Clerk more than two years following the court's decision on the motion (*see* 22 NYCRR 202.48 [a]). We nevertheless further conclude that plaintiff did not abandon its motion seeking attorneys' fees. We take judicial notice of the fact that the appeal process continued until approximately six weeks before the judgment was filed (*Glacial Aggregates LLC*, 72 AD3d 1644), and we note that plaintiff was not entitled to the fees as a prevailing party pursuant to 42 USC § 1988 until that process was concluded. We therefore conclude that plaintiff had good cause for its delay in filing the judgment (*see* 22 NYCRR 202.48 [b]; *see generally Farkas v Farkas*, 11 NY3d 300, 308-309). In any event, we note that "the matter involves . . . [a] simple judgment for a sum of money [that] speaks for itself . . . [and was properly] 'entered by the [County C]lerk without prior submission to the court' " (*Funk v Barry*, 89 NY2d 364, 367), and there is no time limit to file a judgment for a sum of money (*see Farkas*, 11 NY3d at 309).

We reject defendant's contention that the award of attorneys' fees should be reduced. The amount of reasonable attorneys' fees awarded pursuant to 42 USC § 1988 lies within the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion (*see Deep v Clinton Cent. School Dist.*, 48 AD3d 1125, 1126), and that is not the case here.

Entered:  June 10, 2011                                    Patricia L. Morgan
                                                          Clerk of the Court