■ In the Matter of MATTHEW L. PETER M. REDMOND, Respondent; VIRGINIA E.M.L., Appellant. [925 NYS2d 353]—

In a guardianship proceeding pursuant to Mental Hygiene Law article 81, Virginia E.M.L. appeals from an order of the Supreme Court, Queens County (Thomas, J.), entered November 10, 2010, which granted the petition of Peter M. Redmond, acting as attorney for the guardian of Matthew L., an incapacitated person, for an award of counsel fees in the sum of $12,037.50, directed that Nicholas L. (Anonymous), as the guardian of Matthew L., the incapacitated person, pay the sum of $12,037.50 to Peter M. Redmond from the income received or to be received by Matthew L., the incapacitated person, and determined that such expenses for legal services were incurred as necessities for the health, maintenance, and welfare of Matthew L., the incapacitated person, and, in effect, denied her application to dismiss the petition without prejudice to the commencement of a proceeding for the same relief in the Surrogate's Court, Queens County, or to transfer the matter to the Surrogate's Court, Queens County, pursuant to CPLR 325.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as denied the appellant's application to dismiss the petition without prejudice to the commencement of a proceeding for the same relief in the Surrogate's Court, Queens County, or to transfer the matter to the Surrogate's Court, Queens County, pursuant to CPLR 325, is treated as an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the appeal from so much of the order as granted the petition of Peter M. Redmond, acting as attorney for the guardian of Matthew L., an incapacitated person, for an award of counsel fees in the sum of $12,037.50, directed that Nicholas L., as the guardian of Matthew L., the incapacitated person, pay the sum of $12,037.50 to Peter M. Redmond from the income received or to be received by Matthew L., the incapacitated person, and determined that such expenses for legal services were incurred as necessities for the health, maintenance, and welfare of Matthew L., the incapacitated person, is dismissed, as

the appellant is not aggrieved by those provisions of the order (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, with costs payable by the appellant personally.

A person is aggrieved within the meaning of CPLR 5511 "when he or she asks for relief but that relief is denied in whole or in part," or, when someone "asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (*Mixon v TBV, Inc.*, 76 AD3d 144, 156-157 [2010] [emphasis omitted]; *see Mahmood v Gutman*, 81 AD3d 792 [2011]). Applying these principles to the matter before us, the appellant is not aggrieved by the provisions of the order which granted the petition of Peter M. Redmond, and her appeal is partially dismissed, accordingly.

There is no merit to the appellant's contention that the Supreme Court erred in entering the order appealed from because the proposed order sought to be settled was submitted in violation of the 60-day rule enunciated in 22 NYCRR 202.48 (a), as the decision upon which the order was entered merely contains the directive "submit order" and does not expressly direct that the proposed order was to be submitted on notice (*see Funk v Barry*, 89 NY2d 364, 365 [1996]; *cf. Citibank v Velazquez*, 284 AD2d 364 [2001]).

The appellant's remaining contentions either are without merit or need not be reached in light of our determination. Dillon, J.P., Balkin, Belen and Sgroi, JJ., concur.