*976 In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated March 9, 2012, which granted the motion of the defendant Samuel Racer to vacate a judgment of the same court entered October 1, 2010, upon an order of the same court dated September 6, 2000, made upon the failure of the defendant Samuel Racer to appear or answer the complaint, which was in favor of the plaintiff and against him in the total sum of $656,084.
Ordered that the order dated March 9, 2012, is reversed, on the law, with costs, the motion of the defendant Samuel Racer to vacate the judgment is denied, and the judgment is reinstated.
After an inquest on September 6, 2000, the plaintiff was awarded judgment against the defendant Samuel Racer in the sum of $296,000, “with interest from the date of service of the complaint, plus costs and disbursements.” However, the plaintiff did not submit a proposed judgment for entry to the Supreme Court until October 1, 2010. In the proposed judgment, the plaintiff “waive[d] costs and disbursements.” In a notice of appeal filed on November 8, 2010, Racer appealed from the judgment; however, the appeal was thereafter dismissed by decision and order on motion of this Court dated July 29, 2011, for failure to perfect. Pursuant to an order to show cause dated January 17, 2012, Racer moved to vacate the judgment, arguing that, pursuant to 22 NYCRR 202.48, the plaintiff had abandoned the action “by failing to enter a . . . judgment over a period of ten years.” The Supreme Court granted the motion without explanation.
22 NYCRR 202.48, entitled “[sjubmission of orders, judgments and decrees for signature,” states in pertinent part:
“(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.
“(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown” (emphasis added).
However, “the 60-day rule logically applies only where further court involvement in the drafting process is contemplated before entry” (Funk v Barry, 89 NY2d 364, 368 [1996]). Here, *977 the order dated September 6, 2000, which awarded judgment to the plaintiff, contained no direction to settle or submit a judgment on notice. Thus, contrary to Racer’s contention, the 60-day rule of 22 NYCRR 202.48 is inapplicable because no judicial action was necessary before entry of the money judgment (see Farkas v Farkas, 11 NY3d 300, 309 [2008]; Matter of Village of Dobbs Ferry v Stanley Ave. Props., Inc., 95 AD3d 1027, 1029 [2012]; Chang v Botsacos, 92 AD3d 610 [2012]; Glacial Aggregates LLC v Town of Yorkshire, 85 AD3d 1591 [2011]; Matter of Matthew L., 85 AD3d 917, 918 [2011]; Workers’ Compensation Bd. of State of N.Y. v Rizzi, 14 AD3d 608, 609 [2005]; Sarasota, Inc. v Finkel, 11 AD3d 407 [2004]; Peerless Ins. Co. v Casey, 194 AD2d 411, 412 [1993]). Consequently, 22 NYCRR 202.48 did not serve as a basis for granting Racer’s motion to vacate the judgment.
Contrary to Racer’s contention, he failed to demonstrate any other basis to vacate the money judgment. Pursuant to CPLR 5015 (a), a court may vacate an order or judgment on several different grounds, including the fraud, misrepresentation, or other misconduct of an adverse party. Racer failed to establish that the money judgment issued in favor of the plaintiff was procured through fraud, misrepresentation, or other misconduct (see Woodson v Mendon Leasing Corp., 100 NY2d 62, 68 [2003]; Dowlah v Dowlah, 89 AD3d 675, 676 [2011]; Galasso, Langione & Botter, LLP v Liotti, 81 AD3d 884, 885 [2011]; Katz v Marra, 74 AD3d 888, 890-891 [2010]), or that any of the other statutory grounds for vacatur set forth in CPLR 5015 (a) apply (see Alderman v Alderman, 78 AD3d 621 [2010]). There was also no showing of any basis whereby the Supreme Court could have invoked its inherent power to vacate the money judgment in the interest of substantial justice (see Woodson v Mendon Leasing Corp., 100 NY2d at 68; Matter of McKenna v County of Nassau, Off. of County Attorney, 61 NY2d 739 742 [1984]; Galasso, Langione & Botter, LLP v Liotti, 81 AD3d at 885; Alderman v Alderman, 78 AD3d at 622). Accordingly, the court should have denied Racer’s motion to vacate the money judgment.
We decline the requests made by the plaintiffs and Racer in their respective appellate briefs for the imposition of sanctions against each other (see generally 22 NYCRR 130-1.1). Rivera, J.P., Sgroi, Cohen and Hinds-Radix, JJ., concur.