In the Matter of MORDECHAI ISHAKIS, Respondent, v LILIAN LIEBERMAN, Appellant. [9 NYS3d 646]—

In a proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award dated September 27, 2012, Lilian Lieberman appeals from (1) stated portions of an order of the Supreme Court, Kings County (Bayne, J.), dated May 3, 2013, (2) so much of an amended order of the same court dated July 19, 2013, as granted that branch of the petition which was to confirm the award and denied her application to vacate the award, and (3) a judgment of the same court dated August 15, 2013, which, upon the amended order, is in favor of the petitioner and against her in the principal sum of $91,200.

Ordered that the appeals from the order and the amended order are dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment consistent with the amended order confirming the arbitration award.

The appeal from the order must be dismissed because it was superseded by the amended order. The appeal from the amended order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the proceeding (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The husband of the appellant, Lilian Lieberman, owed the sum of $91,200 to the petitioner. In an arbitration award dated September 27, 2012, the Rabbinical Court of Kolel Tartikov (hereinafter Tartikov) determined that Lieberman was not personally responsible for the debt, but that "half of all marital assets . . . are liable for the payment" of the debt. In the award, Tartikov further determined that a house located at 1858 58th Street in Brooklyn was a marital asset, and "half of

it is therefore liable for the payment of [the] loan." Finally, the award provided that "[i]n the event [the petitioner] shall exercise his right to foreclose on half of this property, and as a result [the petitioner and Lieberman] shall both own the property, both partners shall have the right to demand a division" of the property.

The petitioner subsequently commenced this proceeding to confirm the arbitration award. The Supreme Court properly granted the petition and denied Lieberman's application to vacate the arbitration award. "Even where the arbitrator makes a mistake of fact or law, [an arbitration] award is not subject to vacatur unless the court concludes that it is totally irrational or violative of a strong public policy and thus in excess of the arbitrator's powers" (*Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d 146, 155 [1995] [internal quotation marks omitted]). "An arbitrator may do justice as he [or she] sees it, applying his [or her] own sense of law and equity to the facts as he [or she] finds them to be" (*Matter of Town of Haverstraw [Rockland County Patrolmen's Benevolent Assn.]*, 65 NY2d 677, 678 [1985] [internal quotation marks omitted]). Contrary to Lieberman's contention, she failed to demonstrate that the arbitrator exceeded its power in making the award (*see* CPLR 7510, 7511 [b] [1] [iii]; *Hackett v Milbank, Tweed, Hadley & McCloy*, 86 NY2d at 155; *Matter of Professional Firefighters Assn. of Nassau County, Local 1588, Intl. Assn. of Firefighters, AFL-CIO v Village of Garden City*, 119 AD3d 803 [2014]; *Matter of Cusimano v Strianese Family Ltd. Partnership*, 97 AD3d 744, 745 [2012]).

However, the judgment entered by the Supreme Court in favor of the petitioner and against Lieberman individually in the principal amount of the entire debt owed by Lieberman's husband to the petitioner must be reversed. The judgment is inconsistent with the amended order confirming the arbitration award, which had determined that Lieberman was not personally liable for the debt, and provided that only half of the marital assets would be used for the payment of the debt (*see Matter of Damien S.*, 124 AD3d 667, 668 [2015]; *Matter of Schwarzenberger*, 116 AD3d 868, 869 [2014]; *Matter of Testa v Strickland*, 99 AD3d 917 [2012]). We remit the matter to the Supreme Court, Kings County, for the entry of a judgment that is consistent with the amended order confirming the arbitration award. Chambers, J.P., Dickerson, LaSalle and Barros, JJ., concur.