■ ADOLFO POL et al., Appellants, v BORIS ASHIROV et al., Respondents. [16 NYS3d 63]—

In an action to foreclose a mortgage, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), dated March 31, 2014, which granted the defendants' motion pursuant to Uniform Rules for Trial Courts (22 NYCRR) § 202.48 to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion pursuant to 22 NYCRR 202.48 to dismiss the complaint is denied.

This action to foreclose a mortgage was commenced in 2009. After a jury verdict rejecting the defendants' defense of fraud, the Supreme Court (Rosengarten, J.), in a decision dated April 16, 2013, determined that the plaintiffs were entitled to a judgment of foreclosure and sale. The decision concluded with the phrase "Settle Order, submit all papers to the Motion Support Office." On September 10, 2013, the defendants made their first motion to dismiss the complaint pursuant to 22 NYCRR 202.48, which provides that where a judgment or order "is directed to be settled or submitted on notice, [the judgment or order] must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order [or judgment] be settled or submitted" (22 NYCRR 202.48 [a]). The rule further provides that "[f]ailure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48 [b]).

In an order dated September 23, 2013, the court denied the defendants' motion, stating that "[i]t appears that plaintiff[s] timely attempted to enter judgment but [were] not successful in doing so inasmuch as the court'[s] order directed submission of the papers to the motion support office. However, said papers should be submitted directly to the court." That order further directed the plaintiffs to settle judgment by submitting the necessary papers directly to the court. No appeal was taken from that order, the propriety of which is not before this Court.

The plaintiffs then submitted a proposed judgment to the Supreme Court. On October 17, 2013, the court noted on the

proposed judgment that it "[d]eclined signature with leave to resubmit proper judgment of foreclosure and sale with all required language and providing for appointment of Referee to sell the premises." The plaintiffs' counsel stated in an affirmation that he did not retrieve a copy of the rejected proposed judgment with the direction to resubmit until the end of December 2013.

On January 10, 2014, the defendants moved again to dismiss the complaint pursuant to 22 NYCRR 202.48. On January 15, 2014, the plaintiffs served a revised notice of settlement and new proposed judgment. In the order on appeal, the Supreme Court (Lane, J.) granted the defendants' motion to dismiss the complaint for failure to comply with 22 NYCRR 202.48, and failure to demonstrate good cause for the delay in excess of 60 days in resubmitting the proposed judgment of foreclosure and sale.

When the Supreme Court refused to sign the proposed judgment submitted in October 2013, it granted the plaintiffs leave to "resubmit proper judgment of foreclosure and sale." The court did not expressly direct that a corrected proposed judgment had to be settled or submitted on notice. 22 NYCRR 202.48 does not apply where, as here, the court merely directs a party to "submit order" or judgment without expressly directing that the order or judgment be submitted on notice (see Matter of Matthew L., 85 AD3d 917, 918, citing Funk v Barry, 89 NY2d 364, 365 [1996] [2011]).

The parties' remaining contentions are without merit, or need not be reach in light of our determination.

Accordingly, the defendants' motion pursuant to 22 NYCRR 202.48 to dismiss the complaint should have been denied. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.