# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1313
CA 15-00967
PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND WHALEN, JJ.

IN THE MATTER OF TINA BOUNDS,
PETITIONER-APPELLANT,

V                                    MEMORANDUM AND ORDER

VILLAGE OF CLIFTON SPRINGS ZONING BOARD OF
APPEALS, AND MARY ANNA MORROW,
RESPONDENTS-RESPONDENTS.

UNDERBERG & KESSLER LLP, ROCHESTER (RONALD G. HULL OF COUNSEL), FOR
PETITIONER-APPELLANT.

LECLAIR KORONA GIORDANO COLE LLP, ROCHESTER (MARY JO S. KORONA OF
COUNSEL), FOR RESPONDENT-RESPONDENT VILLAGE OF CLIFTON SPRINGS ZONING
BOARD OF APPEALS.

-------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Ontario County (Craig J. Doran, A.J.), entered January
29, 2015 in a proceeding pursuant to CPLR article 78.  The judgment
dismissed the petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner appeals from a judgment dismissing her
petition to annul the issuance of a special use permit to respondent
Mary Anna Morrow.  The record establishes that, for over 45 years,
Morrow and her husband operated a home improvement business out of a
building located on their residential property in the Village of
Clifton Springs.  Following the enactment of the Village of Clifton
Springs Zoning Ordinance (Zoning Ordinance), the business became a
"grandfathered" nonconforming business use.  Following the death of
Morrow's husband in 2011, a former employee continued working out of
the building and completing work for the Morrows' clients.  As that
work was winding down, Morrow reached an agreement with another
individual to permit him to operate an HVAC business out of the
building, and that business moved in and began operations.  When
Morrow applied for a building permit to make nonstructural changes to
the building to accommodate the HVAC business, the Code Enforcement
Officer denied the building permit on the ground that Morrow needed a
special use permit.  Morrow thus applied for a special use permit and,
following public hearings, respondent Village of Clifton Springs
Zoning Board of Appeals (ZBA), granted the special use permit.

We reject petitioner's contention that the ZBA misapplied section 120-55 of the Zoning Ordinance.  Where, as here, the ordinance permits the ZBA to interpret its requirements (*see* Zoning Ordinance § 120-46 [B] [3]), " 'specific application of a term of the ordinance to a particular property is . . . governed by the [ZBA's] interpretation unless unreasonable or irrational' " (*Matter of Libolt v Town of Irondequoit Zoning Bd. of Appeals*, 66 AD3d 1393, 1394, quoting *Matter of Frishman v Schmidt*, 61 NY2d 823, 825).  Section 120-55 of the Zoning Ordinance provides, in pertinent part, that the ZBA may permit "any nonconforming use of a structure" to "be changed to another nonconforming use, provided that the [ZBA] . . . shall find that the proposed use is equally appropriate or more appropriate to the district than the existing nonconforming use"; however, "[w]hen a nonconforming use of a structure . . . is discontinued or abandoned for six (6) consecutive months or for eighteen (18) months during any three-year period . . . , the structure . . . shall not thereafter be used except in conformity with the regulations of the district in which it is located" (Zoning Ordinance § 120-55 [C], [E]).  The Zoning Ordinance does not define the terms "discontinued" and "abandoned." In such circumstances, an abandonment or discontinuance does not occur "unless there has been a complete cessation of the nonconforming use" (*Matter of Marzella v Munroe*, 69 NY2d 967, 968; *see Glacial Aggregates LLC v Town of Yorkshire*, 72 AD3d 1644, 1646, *appeal dismissed* 16 NY3d 760; *Matter of Town of Johnsburg v Town of Johnsburg Zoning Bd. of Appeals*, 299 AD2d 796, 799-800; *cf. Matter of Toys "R" Us v Silva*, 89 NY2d 411, 420).  We conclude that the ZBA's determination that Morrow did not discontinue or abandon the nonconforming business use of the property was a reasonable application of section 120-55, and we therefore reject petitioner's related contention that Supreme Court erred in refusing to disturb that determination.

Contrary to petitioner's further contention, we conclude that the ZBA's determination is supported by substantial evidence.  We note that the ZBA's determination "must be sustained if it has a rational basis and is supported by substantial evidence" (*Toys "R" Us*, 89 NY2d at 419).  In that respect, " '[t]he duty of weighing the evidence and making the choice rests solely upon the [administrative agency].  The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists' " (*id.* at 424, quoting *Matter of Stork Rest. v Boland*, 282 NY 256, 267).  "A record contains substantial evidence to support an administrative determination when reasonable minds could adequately accept the conclusion or ultimate fact based on the relevant proof" (*Matter of Brauch v Johnson*, 19 AD3d 799, 800 [internal quotation marks omitted]).  Substantial evidence is "more than mere speculation or conjecture, but less than a preponderance of the evidence" (*Matter of Joseph v Johnson*, 27 AD3d 563, 563; *see 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180).

At the public hearings before the ZBA, Morrow stated that her late husband's home improvement business continued after his death in November 2011 and that, as of September 2013, she was still in the process of winding down the business.  Morrow further stated that a former employee of the home improvement business continued to work out

of the building on her property from November 2011 to January 2012, when another individual moved his HVAC business into the building.  In light of that evidence, we discern no basis to disturb the ZBA's determination that there had not been a discontinuance or abandonment of Morrow's nonconforming business use.

Finally, we reject petitioner's contention that Morrow's failure to present records of ongoing business activity constitutes a basis to set aside the ZBA's determination.  Although it was appropriate for the ZBA to request such records (*see generally Toys "R" Us*, 89 NY2d at 423-424), Morrow's failure to produce them did not, as a matter of law, render the ZBA's determination arbitrary and capricious.

Entered:  March 25, 2016                        Frances E. Cafarell
                                                Clerk of the Court