■ ALEXANDER GLIKLAD, Respondent, v MICHAEL CHERNEY, Appellant. [33 NYS3d 701]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered April 9, 2015, which, in an action to recover on a promissory note, inter alia, granted plaintiff's motion to hold defendant in civil contempt for failing to comply with a post-judgment subpoena duces tecum, and ordered defendant's arrest, unanimously affirmed, with costs.

Defendant does not dispute the trial court's finding of civil contempt for failure to comply with the subpoena or court orders. Rather, he contends that the trial court lacked personal jurisdiction to issue the contempt order. By decision entered January 21, 2014, this Court previously found, as law of the case, that the promissory note contained a forum selection clause which subjected defendant to the jurisdiction of New York courts and barred him from asserting a defense of lack of jurisdiction (113 AD3d 505, 506 [1st Dept 2014]). Through that appeal, defendant had a full and fair opportunity to address the jurisdiction issue (see *People v Evans*, 94 NY2d 499, 502 [2000]).

After reviewing the record, this Court has determined that its prior decisions are not "clearly erroneous" requiring an abandonment of the law of the case doctrine (*Pepper v United States*, 562 US 476, 506 [2011] [internal quotation marks omitted]; *Matter of LaDelfa*, 107 AD3d 1562, 1563-1564 [4th Dept 2013]). Nor has defendant contended that there is any new evidence or change of law warranting a different result (see *Carmona v Mathisson*, 92 AD3d 492 [1st Dept 2012]).

The parties' remaining arguments, including plaintiff's

request that defendant be sanctioned for bringing a frivolous appeal, are unavailing. Concur—Tom, J.P., Friedman, Richter, Kapnick and Gesmer, JJ.