■ HSBC Bank USA, National Association, as Trustee for Home Equity Loan Trust Series Ave 2005-HE5, Appellant, v Frank Moley, Jr., et al., Defendants, and Estate of William Bender, Also Known as William H. Bender, by Lois Rosenblatt, Public Administrator of Queens County, Respondent. [42 NYS3d 857]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pines, J.), dated January 22, 2015, which, sua sponte, dismissed the action as abandoned pursuant to 22 NYCRR 202.48 (b) and thereupon, in effect, denied, as academic, its motion, inter alia, for summary judgment on the complaint insofar as asserted against the Estate of William Bender, also known as William H. Bender, leave to enter a default judgment against the defendant Frank Moley, Jr., and for an order of reference.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, dismissed the action as abandoned pursuant to 22 NYCRR 202.48 (b), is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a determination of the plaintiff's motion on the merits.

On May 6, 2005, the defendant Frank Moley, Jr., received a loan in the sum of $408,000. The loan was evidenced by an adjustable rate note and secured by a mortgage on real property located in Bayshore. In February 2006, the plaintiff commenced this mortgage foreclosure action as a result of Moley's default on his payment obligations under the note and mortgage. Although Moley was duly served with the summons and complaint, he failed to appear in the action, interpose an answer, or otherwise move with respect to the complaint. The Estate of William Bender, also known as William H. Bender (hereinafter the Estate), which claimed to have a nearly $5 million judgment against Moley, interposed an answer in March 2006 which included a counterclaim against the plaintiff.

In an order dated March 7, 2007, the Supreme Court, inter alia, granted the plaintiff's cross motion for leave to enter a default judgment against Moley and for summary judgment dismissing the Estate's counterclaim. The order contained a directive to "[s]ubmit [j]udgment in accordance herewith on ten (10) days Notice of Settlement." The plaintiff failed to comply with this directive and, in fact, did not submit a proposed order of reference until November 2010, more than 3½ years later. In an order dated January 26, 2011, the Supreme Court deemed the plaintiff's cross motion abandoned for failure to

timely submit the proposed order pursuant to 22 NYCRR 202.48 (b) and found that the plaintiff failed to demonstrate good cause for its delay. In late October 2014, nearly four years after the issuance of the January 26, 2011, order, the plaintiff again moved, inter alia, for leave to enter a default judgment against Moley and for summary judgment on the complaint insofar as asserted against the Estate. In the order appealed from dated January 22, 2015, the court, sua sponte, dismissed the action as abandoned pursuant to 22 NYCRR 202.48 (b) and, thereupon, in effect, denied the motion as academic. The plaintiff appeals.

The Supreme Court incorrectly, sua sponte, dismissed the action as abandoned pursuant to 22 NYCRR 202.48 (b) because, unlike the order dated March 7, 2007, its determination of the plaintiff's 2014 motion did not expressly direct that the proposed judgment or order be settled or submitted for signature (see 22 NYCRR 202.48 [a]; *Funk v Barry*, 89 NY2d 364, 367 [1996]). Accordingly, we remit the matter to the Supreme Court, Suffolk County, for a determination of the plaintiff's motion on the merits.

The plaintiff's remaining contentions have been rendered academic by our determination. Dillon, J.P., Dickerson, Maltese and Duffy, JJ., concur.