■ In the Matter of MORDECHAI ISHAKIS, Respondent, v LILLIAN LIEBERMAN, Appellant. [54 NYS3d 654]—

In a proceeding, inter alia, pursuant to CPLR article 75 to confirm an arbitration award dated September 27, 2012, Lillian Lieberman appeals from a judgment of the Supreme Court,

Kings County (Bayne, J.), dated July 31, 2015, which, among other things, confirmed the award and determined that one-half of all marital assets of Lillian Lieberman and her husband, debtor Shaya Lieberman, including a residence located on 58th Street in Brooklyn, were subject to execution by the petitioner to recover an unpaid debt in the principal sum of $91,200.

Ordered that the judgment is affirmed, with costs.

On prior appeals in this proceeding, this Court upheld the Supreme Court's confirmation of an arbitration award, but reversed a judgment which imposed personal liability on the appellant and remitted the matter to the Supreme Court for the entry of a judgment consistent with that court's amended order confirming the award (*see Matter of Ishakis v Lieberman*, 128 AD3d 1066 [2015]). The appellant now challenges the resulting judgment entered by the Supreme Court. We affirm.

Contrary to the appellant's contentions, the judgment neither imposes personal liability upon her nor is inconsistent with either the terms of the arbitration award, the Supreme Court's amended order confirming that award, or this Court's decision and order in the prior appeals. Rather, the judgment clearly recites that the petitioner can seek to recover the debt only from the appellant's husband's one-half interest in the marital property he shares with the appellant, including their residence, which is titled only in the appellant's name. To the extent that the appellant currently challenges the propriety of the underlying arbitration award, that issue was already resolved by this Court's decision and order in the prior appeals, which is now the law of the case (*see Gliklad v Cherney*, 140 AD3d 598, 598 [2016]; *Calabrese Bakeries, Inc. v Rockland Bakery, Inc.*, 139 AD3d 1192, 1195 [2016]; *Engel v Eichler*, 300 AD2d 622, 623 [2002]).

Similarly unavailing is the appellant's contention that the entry of the judgment was procedurally improper because it violated the settlement requirements of 22 NYCRR 202.48. Since this Court's decision and order in the prior appeals did not expressly direct that the judgment be settled on notice, the provisions of 22 NYCRR 202.48 did not apply (*see HSBC Bank USA, N.A. v Moley*, 145 AD3d 970, 972 [2016]; *Pol v Ashirov*, 131 AD3d 523, 524 [2015]; *Shamshovich v Shvartsman*, 110 AD3d 975, 977 [2013]; *Matter of Matthew L.*, 85 AD3d 917, 918 [2011]).

The appellant's remaining contentions, and the petitioner's contention pursuant to CPLR 5701 (a) (1), are without merit.

The parties' references in their briefs to matters that are dehors the record have not been considered by this Court in its

determination of this appeal. Mastro, J.P., Sgroi, LaSalle and Connolly, JJ., concur.