■ In the Matter of KENNETH D. LYNCH, Also Known as KENNETH LYNCH, Deceased. KAREN CULLIN, Appellant; KEITH LYNCH et al., Respondents. [55 NYS3d 909]—In a contested probate proceeding, the objectant appeals from an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated June 29, 2015, which denied her motion, inter alia, for leave to renew her prior motion for summary judgment on her objections and to deny admission of the decedent's will to probate, and granted the respondents' cross motion for summary judgment dismissing the objections and for admission of the will to probate.

Ordered that the appeal is dismissed, with costs.

"It is the obligation of the appellant to assemble a proper record on appeal" (*Wen Zong Yu v Hua Fan*, 65 AD3d 1335, 1335 [2009]; *see LaSalle Bank N.A. v Henderson*, 69 AD3d 679, 680 [2010]; *Matter of Remy v Mitchell*, 60 AD3d 860 [2009]). An appellant's record must contain all of the relevant papers submitted on the underlying motion (*see* CPLR 5526; *Wen Zong Yu v Hua Fan*, 65 AD3d at 1335; *Cohen v Wallace & Minchenberg*, 39 AD3d 689 [2007]; *see also Matter of Coopersmith*, 48 AD3d 562 [2008]).

Here, the record assembled on appeal does not include, inter alia, several exhibits that were submitted in support of the respondents' cross motion for summary judgment. As those exhibits are relevant to the appellant's contentions on appeal, the record is inadequate to enable this Court to render an informed decision on the merits, and consequently the appeal must be dismissed (*see Block 6222 Constr. Corp. v Sobhani*, 84 AD3d 1292 [2011]; *Emco Tech Constr. Corp. v Pilavas*, 68 AD3d 918, 918-919 [2009]; *Matter of Allstate Ins. Co. v Vargas*, 288 AD2d 309, 310 [2001]).

We decline the respondent's request to impose sanctions on the appellant (*see generally Swartz v Swartz*, 145 AD3d 818, 831 [2016]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.