Jie Wen Zhou v Honghui Kuang (2020 NY Slip Op 02920)





Jie Wen Zhou v Honghui Kuang


2020 NY Slip Op 02920


Decided on May 20, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-09069
 (Index No. 4337/12)

[*1]Jie Wen Zhou, et al., respondents,
v
Honghui Kuang, appellant.


Honghui Kuang, New York, NY, appellant pro se.
Law Offices of Perry Ian Tischler, P.C., Bayside, NY, for respondents.



DECISION & ORDER
In an action, inter alia, to impose a constructive trust, the defendant appeals from a judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered February 14, 2017. The judgment, upon a decision of the same court dated October 31, 2014, made after a nonjury trial, is in favor of the plaintiffs and against the defendant in the principal sum of $56,000.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action alleging, inter alia, that the defendant owed them a sum of money related to the purchase of an apartment. On October 31, 2014, at the conclusion of a nonjury trial, the Supreme Court determined that the defendant had incurred a debt to the plaintiff Matthew Young in the amount of $156,000, and that the defendant partially performed by paying the plaintiffs $100,000. The court ordered the defendant to pay the plaintiffs $56,000 plus interest, and directed the plaintiffs' attorney to submit a judgment. The plaintiffs submitted a proposed judgment on or about January 24, 2017, and judgment was entered on February 14, 2017. The defendant appeals, arguing, among other things, that the judgment was untimely submitted.
"Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). Here, however, since the Supreme Court's decision at the conclusion of the trial did not expressly direct that the judgment be settled or submitted on notice, these provisions of 22 NYCRR 202.48 do not apply, and the judgment was not untimely submitted (see Matter of Ishakis v Lieberman, 150 AD3d 1114; HSBC Bank USA, N.A. v Moley, 145 AD3d 970, 972; Shamshovich v Shvartsman, 110 AD3d 975, 976-977; Matter of Matthew L., 85 AD3d 917, 918).
The defendant's remaining contentions are without merit.
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court