James B. Nutter & Co. v McLaughlin (2020 NY Slip Op 07178)





James B. Nutter & Co. v McLaughlin


2020 NY Slip Op 07178


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-00296
2019-00297
 (Index No. 10302/13)

[*1]James B. Nutter & Company, appellant,
v
Catherine McLaughlin, et al., respondents.


RAS Boriskin, LLC, Westbury, NY (Joseph F. Battista and Leah Lenz of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Karen V. Murphy, J.), entered February 6, 2018, and (2) an order of the same court entered May 22, 2018. The order entered February 6, 2018, sua sponte, deemed the action abandoned pursuant to 22 NYCRR 202.48. The order entered May 22, 2018, denied the plaintiff's motion for a judgment of foreclosure and sale and again, sua sponte, deemed the action abandoned pursuant to 22 NYCRR 202.48.
ORDERED that the appeal from the order entered February 6, 2018, is dismissed, without costs or disbursements, as that order was superseded by the order entered May 22, 2018; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order entered May 22, 2018, as, sua sponte, deemed the action abandoned pursuant to 22 NYCRR 202.48 is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order entered May 22, 2018, is reversed, on the law, without costs or disbursements, the plaintiff's motion for a judgment of foreclosure and sale is granted, and the order entered February 6, 2018, is vacated.
The plaintiff commenced this action to foreclose a mortgage on real property owned by the defendant Catherine McLaughlin. By an order entered December 12, 2016, the plaintiff's unopposed motion, inter alia, for a judgment of foreclosure and sale was granted, and the plaintiff was directed to "[s]ubmit judgment." After the plaintiff submitted a proposed judgment to the Supreme Court for signature, the court, in an order entered February 6, 2018, sua sponte, deemed the action abandoned, finding that the plaintiff failed to establish good cause for its failure to submit the judgment within 60 days of the order entered December 12, 2016. The plaintiff then made a second motion for a judgment of foreclosure and sale. In an order entered May 22, 2018, the court denied the plaintiff's motion, and again, sua sponte, deemed the action abandoned pursuant to 22 NYCRR 202.48. The plaintiff appeals.
Pursuant to 22 NYCRR 202.48, an order or judgment which is directed to be settled [*2]or submitted on notice must be submitted for signature within 60 days after the signing and filing of the decision directing that the order or judgment be settled or submitted. A party who fails to submit the order or judgment within the 60-day time period will be deemed to have abandoned the action or motion, absent good cause shown (see Citibank v Velazquez, 284 AD2d 364). In this case, when the Supreme Court initially granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, it did not direct that the proposed judgment had to be settled or submitted on notice. 22 NYCRR 202.48 does not apply where, as here, the court merely directs a party to submit an order or judgment without expressly directing that the order or judgment be submitted on notice (see Pol v Ashirov, 131 AD3d 523; Matter of Matthew L., 85 AD3d 917, 918, citing Funk v Barry, 89 NY2d 364, 365). Accordingly, the Supreme Court should not have denied the plaintiff's motion for a judgment of foreclosure and sale for failure to comply with 22 NYCRR 202.48, and should not have deemed the action abandoned.
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court