Deutsche Bank Natl. Trust Co. v Musheyev (2022 NY Slip Op 01991)





Deutsche Bank Natl. Trust Co. v Musheyev


2022 NY Slip Op 01991


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2018-01582
2020-03012
 (Index No. 8891/09)

[*1]Deutsche Bank National Trust Company, etc., respondent, 
v
Isaak Musheyev, appellant, et al., defendants.


Bruce Levinson, Katonah, NY, for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Chong S. Lim of counsel), for respondent.
In an action to foreclose a mortgage, the defendant Isaak Musheyev appeals from (1) an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwan, J.), dated September 8, 2017, and (2) an order and judgment of foreclosure and sale (one paper) of the same court (Robert I. Caloras, J.) entered November 12, 2019. The order denied that defendant's motion pursuant to 22 NYCRR 202.48(a) and (b) to strike the plaintiff's notice of settlement of a proposed judgment of foreclosure and sale dated July 31, 2017, to preclude the plaintiff from entering judgment based on an order of the same court dated March 16, 2016, and, in effect, to deem the plaintiff's motion, inter alia, for a judgment of foreclosure and sale abandoned. The order and judgment of foreclosure and sale, inter alia, directed the sale of the subject property.



DECISION & ORDER
By order to show cause dated June 12, 2021, the parties to the appeals were directed to show cause before this Court why an order should or should not be made and entered dismissing the appeal from the order on the ground that the right of direct appeal from the order terminated upon entry of the order and judgment of foreclosure and sale. By decision and order on motion dated September 20, 2021, this Court, inter alia, held the motion in abeyance and referred it to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the order to show cause and the papers filed in response thereto, and upon the argument of the appeals, it is
ORDERED that the motion to dismiss the appeal from the order is granted; and it is further,
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in this action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In April 2009, the plaintiff commenced this action against the defendant Isaak Musheyev (hereinafter the defendant), among others, to foreclose a mortgage on certain residential property in Queens. The defendant interposed an answer. In August 2009, the plaintiff moved for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. By order dated April 15, 2010, the Supreme Court granted the motion.
In or around November 2015, the plaintiff moved, inter alia, to confirm the referee's report and for a judgment of foreclosure and sale. In an order dated March 16, 2016, denominated a "memorandum," the Supreme Court granted the motion and directed: "Motion support to review the proposed judgment. Submit judgment." In or around August 2017, the plaintiff served a notice of settlement of judgment of foreclosure and sale, dated July 31, 2017, and an accompanying affirmation of lateness. The defendant moved pursuant to 22 NYCRR 202.48(a) and (b) to strike the notice of settlement, to preclude the plaintiff from entering judgment based on the order dated March 16, 2016, and, in effect, to deem the plaintiff's motion, inter alia, for a judgment of foreclosure and sale abandoned. The plaintiff opposed the motion. In an order dated September 8, 2017, the court denied the motion. Thereafter, the court issued an order and judgment of foreclosure and sale, inter alia, directing the sale of the premises, which was entered on November 12, 2019. The defendant appeals.
As a preliminary matter, there is no merit to the plaintiff's contention, in Point I of its brief on appeal, that the defendant failed to provide a complete record on appeal, as required by CPLR 5526. "It is the obligation of the appellant to assemble a proper record on appeal" (Wen Zong Yu v Hua Fan, 65 AD3d 1335, 1335; see Matter of Lynch, 152 AD3d 690, 690; LaSalle Bank N.A. v Henderson, 69 AD3d 679, 680). An appellant's record must contain "all of the relevant papers submitted on the underlying motion" (Matter of Lynch, 152 AD3d at 690). Here, the plaintiff has not demonstrated that the record on appeal does not include all of the relevant papers submitted on the underlying motion.
"Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (id. § 202.48[b]). However, 22 NYCRR 202.48 does not apply where the court merely directs a party to submit an order or judgment without expressly directing that the order or judgment be submitted on notice (see James B. Nutter & Co. v McLaughlin, 189 AD3d 803, 804; Jie Wen Zhou v Honghui Kuang, 183 AD3d 810; Pol v Ashirov, 131 AD3d 523, 524; Shamshovich v Shvartsman, 110 AD3d 975, 976-977; Matter of Matthew L., 85 AD3d 917, 918, citing Funk v Barry, 89 NY2d 364, 365). Here, since the order dated March 16, 2016, which granted the plaintiff's motion, inter alia, for a judgment of foreclosure and sale, did not direct that a proposed judgment had to be settled or submitted on notice, the plaintiff was not required to comply with 22 NYCRR 202.48.
The defendant's remaining contentions are either without merit or improperly raised for the first time on appeal.
Accordingly, the Supreme Court properly denied the defendant's motion pursuant to 22 NYCRR 202.48(a) and (b) to strike the plaintiff's notice of settlement dated July 31, 2017, to preclude the plaintiff from entering judgment based on the order dated March 16, 2016, and, in effect, to deem the plaintiff's motion, inter alia, for a judgment of foreclosure and sale abandoned.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.

2018-01582 DECISION & ORDER ON MOTION
2020-03012
Deutsche Bank National Trust Company, etc.,
respondent, v Isaak Musheyev, appellant,
et al., defendants.
(Index No. 8891/09)

Motion by the appellant, inter alia, to strike Point I of the respondent's brief on appeals from an order of the Supreme Court, Queens County, dated September 8, 2017, and an order and judgment of foreclosure and sale of the same court entered November 12, 2019. By decision and order on motion of this Court dated July 16, 2019, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that the motion is denied.
BRATHWAITE NELSON, J.P., ROMAN, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court