McWhinney v Rockland Cider Works, LLC (2024 NY Slip Op 06035)

McWhinney v Rockland Cider Works, LLC

2024 NY Slip Op 06035

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-03041
 (Index No. 32665/22)

[*1]Susan McWhinney, et al., respondents, 
v
Rockland Cider Works, LLC, et al., appellants, et al., defendants.

Bleakley Platt & Schmidt, LLP, White Plains, NY (David H. Chen of counsel), for appellants.
Feerick Nugent MacCartney PLLC, South Nyack, NY (Alak Shah of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, pursuant to Town Law § 268 for injunctive relief, the defendants Rockland Cider Works, LLC, and Van Houten Farm Market Benefit Trust appeal from an order of the Supreme Court, Rockland County (Christie L. D'Alessio, J.), dated March 6, 2023. The order, after a hearing, fixed an undertaking pursuant to CPLR 6312 in the amount of only $100.
ORDERED that the appeal is dismissed, with costs.
"CPLR 5526 requires that a record on appeal contain the papers and exhibits upon which the order appealed from was founded. It is the obligation of the appellant to assemble a proper record on appeal" (Bruzzese v Bruzzese, 203 AD3d 1007, 1010; see Klein v Richs Towing, 213 AD3d 920, 920-921). "Generally speaking, [a]n appellant's record on appeal must contain all of the relevant papers before the Supreme Court" (Babayev v Kreitzman, 168 AD3d 655, 655 [internal quotation marks omitted]; see CPLR 5526; Matter of Lynch, 152 AD3d 690, 690).
Here, the record is inadequate, as it does not include, inter alia, affirmations submitted by the plaintiffs in lieu of offering live testimony at a hearing. Since these omissions "inhibit [this] [C]ourt's ability to render an informed decision on the merits of the appeal," dismissal of the appeal is appropriate (Ravasio v La Pata, 216 AD3d 686, 687 [internal quotation marks omitted]; see Klein v Richs Towing, 213 AD3d at 921; Matter of Camarda v Charlot, 208 AD3d 1323, 1324).
BRATHWAITE NELSON, J.P., CHRISTOPHER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court