Rosenberg v Tool Time Constr. Corp.

2026 NY Slip Op 03192

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Andrew Rosenberg, et al., appellants,

v

Tool Time Construction Corp., et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-08256, (Index No. 603913/21)

Colleen D. Duffy, J.P.

Francesca E. Connolly

Laurence L. Love

Susan Quirk, JJ.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellants.

Moritt Hock & Hamroff LLP, Garden City, NY (Robert M. Tils and Andrew W. Winters of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated April 29, 2024. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned.

ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned is denied.

The plaintiffs commenced this breach of contract action, alleging that the defendants failed to perform certain contractual duties and performed certain other contractual duties in an unsatisfactory manner. The defendants failed to appear or answer the complaint. By order dated October 28, 2021, the Supreme Court granted the plaintiffs' unopposed motion for leave to enter a default judgment against the defendants and scheduled an inquest on the issue of damages. On January 26, 2022, after an inquest, the court awarded the plaintiffs $188,560 in damages as against both defendants. The plaintiffs did not submit a proposed judgment until November 2022.

Thereafter, the defendants moved, inter alia, pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned. In an order dated April 29, 2024, the Supreme Court, among other things, granted that branch of the motion. The plaintiffs appeal.

"Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]; see Funk v Barry, 89 NY2d 364, 367; Manufacturers & Traders Trust Co. v Ahmed, 241 AD3d 1326, 1328). "Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). "However, 22 NYCRR 202.48 does not apply where the court merely directs a party to submit an order or judgment without expressly directing that the order or judgment be submitted on notice" (Bank of N.Y. Mellon v Gaston, 241 AD3d 1242, 1246 [internal [*2]quotation marks omitted]; see James B. Nutter & Co. v McLaughlin, 189 AD3d 803, 804). Here, since the Supreme Court did not direct that a judgment based on its decision after the inquest be settled or submitted on notice, the plaintiffs were not required to comply with 22 NYCRR 202.48 (see Jie Wen Zhou v Honghui Kuang, 183 AD3d 810, 810-811; Pol v Ashirov, 131 AD3d 523, 524). Accordingly, the court should have denied that branch of the defendants' motion which was pursuant to 22 NYCRR 202.48 to dismiss the complaint as abandoned.

The parties' remaining contentions are not properly before us.

DUFFY, J.P., CONNOLLY, LOVE and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court