Chandler S. Knight, J.
This action was consolidated with four other actions by an order of this court. They were all tried together and a verdict was rendered on September 26, 1963. The plaintiff Malé obtained a verdict in the sum of $3,700 against the defendants, Crowningshield and Walsh.
A verdict was also rendered in one of the actions for the plaintiffs Mazzacua, also against the defendants, Crowningshield and Walsh. In the latter action judgment with costs was taxed and entered and subsequently each defendant paid one half of the Mazzacua judgment and costs.
On October 23,1963 the attorney for the plaintiff Male entered judgment for the sum of $3,700, with costs amounting to $159, and then served notice of entry and retaxation on the defendants. The defendants did not appear on the retaxation date. Subsequently the defendant Walsh paid one half of the judgment and costs. The remaining one half of the judgment and costs has not been paid and plaintiff looks to the defendant Crowningshield for payment.
The defendant Crowningshield has offered to pay to the plaintiff Male the sum of $1,850, the remaining one half of the judgment, without costs, contending that the several actions having been consolidated, costs may be awarded as in one action since the order of consolidation did not provide otherwise, and that since the plaintiffs Mazzacua entered judgment first and was paid a full bill of jcosts this plaintiff is not entitled to costs.
The defendant 'Crowningshield seeks on this motion to compel the plaintiff Male to accept the sum of $1,850, being one half of the judgment Subsequently entered on behalf of the plaintiff by the defendant Crowningshield, hereafter referred to.
The attorney for the defendant Crowningshield asserts that the plaintiff Male, having neglected to appear on the motion for the consolidation and to protect her rights to costs, she is bound by section 8104 of the Civil Practice Law and Eules which provide that costs, where actions are consolidated, shall be awarded as in a single action unless the order of consolidation otherwise provides. This section was designed to prevent the practice of a single attorney’s recovering more than one bill of costs where he brought several actions which could have been joined in one, or where he represents more than one plaintiff whose actions *175 could be consolidated and tried as one. Quite obviously it was not the intention of the Legislature to limit costs of a consolidated action as in a single action where two or more plaintiffs are represented by different attorneys, otherwise the statute would not have provided for single costs ‘‘ unless the order of consolidation otherwise provides ”. And, where there are several plaintiffs represented by separate attorneys, it could not have been the intention of the Legislature that the race for costs should go to the swift in entering judgment.
While it is true that section 8104 of the Civil Practice Law and Rules is new and only became effective on September 1,1963, nearly two years subsequent to the order of consolidation, the source of its provision was the decisional law adjudicated many years ago. In Baranowsky v. Guaranty Trust Co. (247 App. Div. 169, 171), decided in 1936, the court said: “We consider that the rule must be taken as established that, where a motion for consolidation has been made, the successful party in the consolidation action shall be entitled only to the costs of the consolidated action, unless the right to tax the costs of the individual actions is reserved in the order of consolidation ”. The plaintiff Male should have appeared on the motion of consolidation to reserve her right to tax costs in her action.
As above stated, the plaintiff entered judgment on the verdict, with costs, on October 23, 1963, and notice of entry was served on the defendant on November 5, 1963. The defendant Crowningshield entered judgment, without costs, on the same verdict (on October 25, 1963, according to a statement in his brief, the moving papers not having stated the date). Prior to the Civil Practice Law and Rules only the successful party could apply for judgment (Civ. Prac. Act, § 495). Now, either party may do so (CPLR 5016, subd. [b], 5513, subd. [a]).
The defendant ignored the plaintiff’s judgment and notice of entry thereof and made no motion to disallow the item of costs as permitted by section 8404 of the Civil Practice Law and Rules, nor has the defendant appealed from the judgment. A motion for a new taxation is in the nature of an appeal from the action of the Clerk in taxing costs.
When the defendant received plaintiff’s notice of entry on November 5, 1963, he became aware that the plaintiff had entered judgment, with costs, prior to the time that the defendant had entered judgment, without costs, on the same verdict. By neglecting to follow the procedure, authorized in section 8404 of the Civil Practice Law and Rules, to make a motion upon notice to the plaintiff to disallow the costs, the defendant was just as lax in preserving his rights to avoid costs as was *176 the plaintiff in neglecting to appear on the motion for consolidation to preserve her rights to costs. Now the plaintiff has a valid judgment which cannot be avoided on this motion.
The defendant, on this motion to compel the plaintiff to accept $1,850 in satisfaction of the judgment, in effect, is attempting to make the motion for retaxation of costs which he should have made after receiving the notice of entry of judgment. By failing to do so he waived his right to have the items of costs disallowed. Betaxation cannot be entertained by this court on this motion.
The defendant’s position that plaintiff’s judgment is a nullity is untenable. It will remain a duly entered judgment until it is removed from the judgment docket.
The defendant’s motion to compel the plaintiff, Helen Male, to accept payment of the sum of $1,850 in settlement and satisfaction of the judgment entered by her is denied.