■ HELEN HELFANT, Individually and as Administratrix of the Estate of HERSCH HELFANT, Deceased, Respondent, v SARA SOBKOWSKI, Also Known as SARA ZUBKOWSKI, et al., Appellants.—Order of the Supreme Court, New York County (Shirley Fingerhood, J.), entered July 9, 1990, which denied defendants' motion pursuant to 22 NYCRR 202.48 to vacate the judgment and dismiss the action, unanimously affirmed, without costs.

Plaintiff obtained a jury verdict in the amount of $118,411.94 against defendants on or about February 3, 1989. However, no judgment was entered until February 6, 1990. By motion dated May 8, 1990, defendants sought an order "vacating and dismissing plaintiff's action and resulting judgment" for failure to comply with Uniform Rules for Trial Courts § 202.48 (22 NYCRR 202.48).

The rule relied upon by defendants is entitled "Submission of orders, judgments and decrees for signature" and provides: "Proposed orders or judgments * * * must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48 [a]). The confusion regarding the scope of this rule stems from the ambiguity of the term "for signature" which conceivably includes signature of a judgment by the clerk prior to entry (CPLR 5016 [a]) and has been so construed *(Hickson v Gardner,* 134 AD2d 930 [4th Dept 1987]). However, a fair reading of the rule leads us to conclude that it encompasses only orders, judgments and decrees which are required to be submitted to

the court for signature *(Dicini, Inc. v Hengerer Co.,* 171 AD2d 515; *see also, Bell v New York Higher Educ. Assistance Corp.,* 158 AD2d 305, *mot to dismiss appeal granted* 76 NY2d 845).

Judgment upon a verdict is normally entered by the clerk (CPLR 5016 [b]) as a ministerial act *(see, Aetna Cas. & Sur. Co. v Whitestone Gen. Hosp.,* 142 Misc 2d 67). No statutory limit is imposed on the period of time during which judgment may be entered *(Matter of Anonymous,* 71 Misc 2d 943, 944). Failure by the prevailing party to expeditiously submit a judgment for entry carries its own sanctions, including the inability to execute on the judgment (CPLR 5230) and the indefinite extension of the losing party's time in which to take an appeal (CPLR 5513 [a]). Moreover, if the losing party feels aggrieved by the failure to enter judgment, he may avail himself of the procedure provided in CPLR 5016 (b) *(Male v Crowningshield,* 42 Misc 2d 173; 5 Weinstein-Korn-Miller, NY Civ Prac ¶ 5016.07). Concur—Murphy, P. J., Sullivan, Asch, Kassal and Rubin, JJ.