OPINION OF THE COURT
 

 Titone, J.
 

 The question presented for our review is whether the 60-day time limit for the submission of proposed judgments for signature contained in 22 NYCRR 202.48 applies where the court’s decision contains no direction to submit or settle the order. "We resolve a conflict among the Appellate Division Departments and conclude that the 60-day period applies only where the court explicitly directs that the proposed judgment or order be settled or submitted for signature. Accordingly, the order of the Appellate Division should be reversed.
 

 Following a bench trial, Supreme Court found in favor of plaintiff in the amount of $5,000 on his cause of action for conversion, with interest to be computed from a specified date.
 
 *366
 
 The court did not direct any party to settle or submit the judgment for signature.
 

 Eleven months after the court’s verdict, plaintiffs attorney submitted a proposed judgment for entry. Defendant objected on the ground that the proposal was untimely. Plaintiff then moved for an order permitting entry of the judgment. Defendants cross-moved for an order dismissing the action as abandoned pursuant to 22 NYCRR 202.48, which contains a 60-day time limit for "submission of orders, judgments and decrees for signature.” The court granted plaintiffs motion and denied defendants’ cross motion.
 

 The Appellate Division reversed and dismissed the action. The Court acknowledged a split in authority among the Appellate Division Departments, but followed its own holding in
 
 Hickson v Gardner
 
 (134 AD2d 930), which provides that the 60-day time limit of section 202.48 applies even where no direction to submit or settle an order or judgment is contained in the court’s decision. Noting that delay will only be excused for good cause
 
 (see,
 
 22 NYCRR 202.48 [b]) and that plaintiff failed to show good cause for the 11-month delay in submitting a proposed judgment, the court dismissed the action as abandoned. This Court granted plaintiffs motion for leave to appeal, and we now reverse and reinstate the order of Supreme Court.
 

 Section 202.48 of the Uniform Rules for the New York State Trial Courts (22 NYCRR 202.48) speaks to the period within which a proposed order or judgment reflecting the disposition of a motion or matter must be drawn by a party. That section provides that "[p]roposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be
 
 submitted for signature,
 
 unless otherwise directed by the court, within 60 days after the signing and filing of
 
 the decision directing that the order be settled or
 
 submitted” (22 NYCRR 202.48 [a] [emphasis supplied]). Failure to submit the order or judgment as directed within that timeframe constitutes an abandonment of the motion or action unless good cause for the delay is shown
 
 (id.,
 
 202.48 [b]).
 

 Plaintiffs rely on precedent emanating from the First and Second Departments which holds generally that the 60-day time limit is not triggered unless the Judge’s decision directs that the judgment be submitted for the court’s signature
 
 (see, Donovan v DiPietro,
 
 195 AD2d 589 [2d Dept];
 
 Helfant v Sobkowski,
 
 174 AD2d 340 [1st Dept]). Defendants cite contrary
 
 *367
 
 precedent of the Fourth Department which holds that the 60-day rule is applicable even where there is no direction to submit or settle the order and where "all that is required is for the clerk to enter judgment based upon the court’s minutes”
 
 (Hickson v Gardner,
 
 134 AD2d 930, 931,
 
 supra).
 
 We are persuaded by the language and purpose of the rule that the interpretation advanced by plaintiff is correct.
 

 By its plain terms, section 202.48 (a) speaks to the circumstances where the court’s decision expressly directs a party to submit or settle an order or judgment. When a decision ends with the directive to "submit order,” the court is generally directing the prevailing party to "draw[ ] the order and present! ] it to the judge * * * who looks it over to make sure it reflects the decision properly, and then signs or initials it” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2220:4, at 170). This procedure typically calls for no notice to the opponent
 
 (id.).
 

 A directive to "settle,” by contrast, "is reserved for more complicated dispositions, such as orders involving restraints or contemplating a set of follow-up procedures”
 
 (id.).
 
 Because the decision ordinarily entails more complicated relief, the instruction contemplates notice to the opponent so that both parties may either agree on a draft or prepare counter proposals to be settled before the court
 
 (id.; see,
 
 22 NYCRR 202.48 [c];
 
 see also
 
 Siegel, NY Prac § 250, at 376-377 [2d ed]). The common element in both directives is that further drafting and judicial approval of the judgment or order is contemplated
 
 (see generally,
 
 Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2220:3, C2220:4, at 166-171; CPLR 5016, at 642;
 
 see also,
 
 Legislative Studies and Reports, subd [c], McKinney’s Cons Laws of NY, Book 7B, CPLR 5016, at 644).
 

 However, where no drafting by the parties is necessary because the matter involves an uncomplicated disposition or simple judgment for a sum of money which speaks for itself, or where "the court or clerk draws the order,” no direction to submit or settle will be utilized (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2220:4, at 170;
 
 see also,
 
 Siegel, NY Prac § 250, at 376 [2d ed]; CPLR 5016 [b]). In such cases, the order or judgment may then simply be "entered by the clerk without prior submission to the court” pursuant to CPLR 5016 (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5016, at 642).
 

 That section 202.48 is silent with respect to decisions that do not contain a submit or settle directive is not surprising, given
 
 *368
 
 that the rule serves primarily to address delays in judicial dispositions occasioned by a party’s failure to comply with a court’s directive to draw and submit a proposed order or judgment (see,
 
 Donovan v DiPietro,
 
 195 AD2d 589, 590,
 
 supra).
 
 Thus, the 60-day rule logically applies only where further court involvement in the drafting process is contemplated before entry. Additionally, by its language, the 60-day time limitation does not purport to govern the flow of the entry process, which is a ministerial recording function that is separate and distinct from the procedure of obtaining the court’s signature on a proposed judgment (see,
 
 Helfant v
 
 Sobkowski, 174 AD2d 340, 341,
 
 supra; see also,
 
 Siegel, NY Prac,
 
 op. cit.,
 
 1996 Pocket Part, § 250, at 49). Significantly, the Legislature has chosen not to place a time restriction on the completion of entry (see, CPLR 5016).
 
 *
 

 In this case, the court rendered a verdict for the plaintiff on his conversion action in the amount of $5,000 plus interest to run from a specified date. As is typical in cases involving simple judgments for a sum of money, the court did not direct that any party "settle” or "submit” a proposed judgment for signature, and the 60-day rule was not triggered. Rather, the clerk was able to enter judgment from the transcript of the court’s decision (see, CPLR 5016 [c]), which clearly set forth the amount of the judgment, and the action was not deemed "abandoned” because entry was not completed within 60 days of the court’s decision.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the order of Supreme Court, Monroe County, reinstated.
 

 
 *369
 
 Chief Judge Kaye and Judges Simons, Smith, Levine and Ciparick concur; Judge Bellacosa taking no part.
 

 Order reversed, etc.
 

 *
 

 As a practical matter, there is little incentive to enact a specific time period within which a party must complete the entry process. First, "[flailure by the prevailing party to expeditiously submit a judgment for entry carries its own sanctions, including the inability to execute on the judgment (CPLR 5230) and the indefinite extension of the losing party’s time in which to take an appeal (CPLR 5513 [a])”
 
 (Helfant v Sobkowski,
 
 174 AD2d 340, 341,
 
 supra; see also,
 
 Siegel, NY Prac § 250, at 377-378; § 418, at 637-638 [2d ed]). Additionally, a losing party who feels aggrieved by the prevailing party’s failure to seek entry may have the judgment entered and need not wait for the prevailing party to act
 
 (see,
 
 Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 5016, at 642). Finally, because the entry function generally involves action by the clerk with no further judicial oversight, there is little concern that delayed entry will tie up judicial resources.