■ RESAT KELES, Respondent, v MORGAN KENNEDY, Appellant. [656 NYS2d 239] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered June 11, 1996, which, to the extent appealed from as limited by defendant's brief, granted plaintiff's motion for default based on defendant's failure to answer the complaint and set the matter down for an inquest, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, plaintiff's motion is denied, the default is vacated, leave is granted to serve a late answer, and the matter is remanded for further proceedings.

Plaintiff retained defendant to bring a breach of contract action against New York University, which had terminated plaintiff's standing as a graduate student for failure to pass the qualifying exam for doctoral candidates. The action, brought in United States District Court for the Southern District of New York, was dismissed on the University's motion for summary judgment. After defendant prepared a brief for appeal to the Second Circuit, plaintiff fired him and retained present counsel, who pursued the appeal without success on his own brief.

Three years later, plaintiff commenced the instant action for legal malpractice by service of a bare summons. Defendant appeared and demanded a complaint, which was served late and never answered. When plaintiff moved, a year later, for entry of a default judgment, the IAS Court ruled that defendant, by accepting late service of the complaint, had waived any objection as to untimeliness.

Under the circumstances, permission to serve a late answer should have been granted. There was no pattern of delay or other indication that the default was willful (*Matter of Gibson [MVAIC]*, 45 AD2d 678), nor is there any showing that plaintiff would have been prejudiced by late joinder of issue (*Troiano v Otsego Mut. Fire Ins. Co.*, 99 AD2d 719). Furthermore, defendant offered a reasonable explanation for his default and a meritorious defense to the claims presented, plaintiff having failed to make the necessary showing that but for the negligent handling of his case, he would have prevailed (*Metrokane Imports v Kane, Dalsimer, Kane, Sullivan & Kurucz*, 150 AD2d 153, 154).

We leave the question of sanctions, if any, to the discretion of the IAS Court. Concur—Milonas, J. P., Rosenberger, Wallach and Nardelli, JJ.