■ DAUN BRADY, Appellant, v JOHN BRADY, Respondent. [706 NYS2d 151] —In a matrimonial action in which the parties were divorced by judgment dated December 6, 1996, the plaintiff former wife appeals from (1) a decision of the Supreme Court, Suffolk County (Lifson, J.), dated September 22, 1999, and (2) an order of the same court, also dated September 22, 1999, which granted the motion of the defendant former husband for an award of counsel and expert fees in connection with a post-judgment motion by the plaintiff for permission to relocate.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see, Schicchi v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the order is reversed, on the law, and the motion for counsel and expert fees is dismissed as abandoned; and it is further,

Ordered that the appellant is awarded one bill of costs.

The Uniform Rules for Trial Courts (22 NYCRR 202.48 [a]) states: "Proposed orders or judgments, *with proof of service on all parties where the order is directed to be settled or submitted on notice,* must be submitted for signature, unless otherwise

directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (emphasis added). In this case, contrary to the contention of the defendant's attorney, there is no competent evidence that any proposed order with proof of service on all parties was timely submitted for signature. Under the circumstances of this case, the attorney for the defendant failed to show good cause for a waiver of this rule (*see,* 22 NYCRR 202.48 [b]). Accordingly, the application should have been deemed abandoned (*see,* 22 NYCRR 202.48 [b]; *see generally, Funk v Barry,* 89 NY2d 364).

In any event, the defendant's application is without merit. The plaintiff's postjudgment motion for permission to relocate was neither an action nor a proceeding, and does not constitute an attack on the parties' stipulation of settlement. On the contrary, the stipulation of settlement granted the plaintiff the right to seek permission of the court to relocate. In light of these circumstances, the provision of the stipulation regarding payment of counsel fees is not applicable and such an award is unwarranted pursuant to Domestic Relations Law § 237.

The defendant's application for the imposition of a sanction on the appeal is without merit. O'Brien, J. P., Ritter, Sullivan and Smith, JJ., concur.