■ CITIBANK, N. A., Appellant, v LUIS F. VELAZQUEZ et al., Defendants, and CLEMENCIA VELAZQUEZ, Also Known as CLEMENCIA RUBIANO, Respondent. [726 NYS2d 678] —In an action, *inter alia*, to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Rudolph, J.), dated July 26, 2000, as denied that branch of its motion which was for leave to enter a deficiency judgment against the defendant Clemencia Velazquez, a/k/a Clemencia Rubiano.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff's unopposed motion to confirm the referee's report of sale, and for leave to enter a deficiency judgment against the mortgagors, including the defendant Clemencia Velazquez, a/k/a Clemencia Rubiano (hereinafter Rubiano), was granted by order dated April 21, 1999, which directed the plaintiff to submit judgment on notice to the Clerk of the County of Westchester. The plaintiff failed to submit the proposed judgment within 60 days, as directed, and the Supreme Court, therefore, denied that branch of its subsequent motion which was for leave to enter a deficiency judgment against Rubiano, on the ground that it had been abandoned.

Pursuant to 22 NYCRR 202.48, an order or judgment which is directed to be settled or submitted on notice must be submitted for signature within 60 days after the signing and filing of the decision directing that the order or judgment be settled or submitted. A party who fails to submit the order or judgment within the 60-day time period will be deemed to have abandoned the action or motion, absent good cause shown. The plaintiff contends that 22 NYCRR 202.48 is not applicable here, relying upon *Funk v Barry* (89 NY2d 364). The Court of Appeals in *Funk* held that the plaintiff, who had obtained a verdict for $5,000, plus interest to run from a specified date, had not abandoned the action by failing to submit a proposed judgment for entry within 60 days from the verdict.

In this case, however, unlike *Funk*, the plaintiff was expressly directed to submit the judgment on notice to the County Clerk. In our view, consistent with Funk, where the court's decision contains a directive to submit or settle an order or judgment, as here, the 60-day rule in 22 NYCRR 202.48 applies. Furthermore, we find that the plaintiff did not show good cause for the lengthy delay in filing the deficiency judgment (*see, Brady v Brady,* 271 AD2d 563; *Lawton v Lawton,* 239 AD2d 866). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for leave

to enter a deficiency judgment against Rubiano. Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.