■ DELTA FUNDING CORPORATION, Respondent, v FAUSILLE F. KHADER, Appellant, et al., Defendants. [757 NYS2d 576] —In an action to foreclose a mortgage, the defendant Fausille F. Khader appeals from an order of the Supreme Court, Suffolk County (Seidell, J.), dated March 1, 2002, which granted the plaintiff's motion to vacate an order of the same court, dated April 4, 2000, dismissing the complaint, made upon the plaintiff's default in complying with a conditional order of the same court, dated November 24, 1997.

Ordered that the order is affirmed, with costs.

Contrary to the appellant's contention, under the circumstances of this case, the Supreme Court providently exercised its discretion in vacating the order dated April 4, 2000, dismissing the complaint. The court had previously issued a conditional order dated November 24, 1997, which stated, in relevant part, that the appellant's motion "to strike the Complaint pursuant to C.P.L.R. § 3126 for plaintiff's failure to comply with outstanding discovery demands is granted unless plaintiff fully and completely complies with all of [the appellant's] discovery demands within sixty (60) days after receipt of a copy of this Order with notice of entry" and that "[i]n the event that plaintiff fails to timely comply [the appellant] is granted leave to settle an Order striking the Complaint."

The plaintiff attempted to comply with the conditional order by serving a bill of particulars and discovery responses on April 9, 1998. In the nearly two years that followed, the appellant failed to object to the adequacy of such discovery responses or to move to compel further discovery. The conditional order contained a clear direction to the appellant to settle an order upon the plaintiff's noncompliance. The appellant failed to settle an order dismissing the complaint within 60 days after the conditional order became absolute, resulting in abandonment of her prior motion for sanctions pursuant to CPLR 3126 (*see* 22 NYCRR 202.48; *Funk v Barry,* 89 NY2d 364, 367-368 [1996]; *Citibank v Velazquez,* 284 AD2d 364 [2001]; *Kepple v Hill Assoc.,* 275 AD2d 299 [2000]). In light of the appellant's failure to demonstrate good cause for the delay, we conclude

that substantial justice was served by the reinstatement of the complaint. The Supreme Court acted within its discretion in vacating its prior order once the untimeliness of the appellant's notice of settlement was brought to its attention (*see 56 Marquis v Mosello,* 239 AD2d 544 [1997]; *F & C Gen. Contrs. Corp. v Atlantic Mut. Mtge. Corp.,* 202 AD2d 629 [1994]; *McMahon v City of New York,* 105 AD2d 101 [1984]). Prudenti, P.J., Ritter, Feuerstein and Adams, JJ., concur.