■ BERNADETTE T. ROONEY, Appellant, v WEBB AVENUE AS-SOCIATES, LTD., et al., Respondents. [767 NYS2d 575]—

Order, Supreme Court, Bronx County (Howard Silver, J.), entered February 14, 2003, which, in this personal injury action arising out of a fall in defendants' premises, vacated their default in answering, directed plaintiff to accept the answer, and struck her note of issue, unanimously affirmed, without costs. Appeal from decision, same court and Justice, dated October 7, 2002, unanimously dismissed, without costs, as taken from a nonappealable paper.

No appeal lies from a decision (*Brady v Brady*, 271 AD2d 563, 564 [2000]). Plaintiff's nearly nine-month delay in submitting an order granting her judgment on default constitutes abandonment (Uniform Rules for Trial Cts [22 NYCRR] § 202.48 [a], [b]; *see Delta Funding Corp. v Khader*, 303 AD2d 710 [2003]; *cf. Funk v Barry*, 89 NY2d 364 [1996]), and the failure to serve defendants with the order with notice of entry obviates a finding of good cause for the delay (*Brady* at 564). In support of their application to serve and file a late answer, defendants demonstrated a meritorious defense by tendering affidavits indicating that, in view of the time plaintiff fell (12:30 A.M.), they did not have a reasonable opportunity to discover the presence of a wet, slippery substance on the stairway and take appropriate measures to remedy the condition (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). While defendants' excuse for their delay in answering is not compelling, the record reflects a substitution of counsel and confusion as to whether defendants' untimely, unverified answer had been accepted. Law office failure is not a bar to relieving a party from the consequences of a default (CPLR 2005; *see Mediavilla v Gurman*, 272 AD2d 146, 148 [2000]; *Pastore v Golub Corp.*, 184 AD2d 827, 828 [1992]), and defendants have therefore demonstrated their entitlement to relief (*see Eugene Di Lorenzo, Inc. v Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Aronson v Hyatt Intl. Corp.*, 202 AD2d 153 [1994]). Since plaintiff has not demonstrated any prejudice as a result of the delay, the grant of leave to file a late answer was a provident exercise of discretion (*see Keles v Kennedy*, 238 AD2d 185 [1997];

*Mendoza v Bi-County Paving*, 227 AD2d 302 [1996]). Concur— Buckley, P.J., Rosenberger, Ellerin, Williams and Gonzalez, JJ.