Lasalle Bank N.A. v Benjamin (2018 NY Slip Op 06005)





Lasalle Bank N.A. v Benjamin


2018 NY Slip Op 06005


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2016-02096
 (Index No. 443/09)

[*1]Lasalle Bank National Association, etc., appellant,
v
David Benjamin, et al., respondents, et al., defendants.


Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.
Ballon, Stoll, Bader, & Nadler P.C., New York, NY (Pankaj Malik of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Janice A. Taylor, J.), entered December 15, 2015. The order vacated the determination in a decision of the same court entered September 16, 2009, stating, among other things, that the plaintiff's motion for summary judgment on the complaint should be granted, and directing the plaintiff to "[s]ettle order," in effect, granted that branch of the motion of the defendants David Benjamin and Chittra Benjamin which was pursuant to CPLR 3215 to dismiss the complaint insofar as asserted against Chittra Benjamin as abandoned, and, thereupon, directed dismissal of the complaint in its entirety.
ORDERED that the order is affirmed, with costs.
In 2009, the plaintiff commenced this action to foreclose a mortgage against property owned by the defendants David Benjamin (hereinafter David) and Chittra Benjamin (hereinafter Chittra). David answered the complaint, but Chittra did not. The plaintiff moved, inter alia, for summary judgment on the complaint. David opposed the motion and cross-moved pursuant to CPLR 3211(a) to dismiss the complaint.
In a decision entered September 16, 2009, the Supreme Court stated, inter alia, that the plaintiff's motion for summary judgment should be granted, and directed the plaintiff to "[s]ettle order." The court informed the plaintiff that a new attorney affirmation was required pursuant to new regulations set forth by the Office of Court Administration (hereinafter an OCA affirmation) before the court would sign an order granting summary judgment. The plaintiff did not file the required attorney affirmation, which consisted of two pages, until more than five years later. When the plaintiff finally did so, in February 2015, the plaintiff asserted that the substantial delay in its execution of the OCA affirmation was due to the "[p]laintiff's internal efforts to set forth a standard protocol with regard to execution of the client affidavits required prior to execution of the OCA Affirmation."
Also in February 2015, David and Chittra moved for leave to renew and/or reargue David's opposition to the plaintiff's prior motion and David's cross motion, and pursuant to CPLR [*2]3215 to dismiss the complaint as abandoned. The plaintiff opposed the motion. The Supreme Court declined to sign the plaintiff's proposed order granting it summary judgment and, in the order appealed from, the court vacated the decision entered September 16, 2009, in effect, granted that branch of the motion of David and Chittra which was pursuant to CPLR 3215 to dismiss the complaint insofar as asserted against Chittra as abandoned, and, thereupon, directed dismissal of the complaint in its entirety pursuant to CPLR 1003. The plaintiff appeals.
"Proposed orders . . . , with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order . . . timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). These provisions are not applicable where the decision does not explicitly direct that the proposed judgment or order be settled or submitted for signature (see Funk v Barry, 89 NY2d 364). However, the direction to "settle order" "ordinarily entails more complicated relief," and therefore "contemplates notice to the opponent so that both parties may either agree on a draft or prepare counter proposals to be settled before the court" (Funk v Barry, 89 NY2d at 367). Here, the decision entered September 16, 2009, directed the plaintiff to "settle order." Accordingly, pursuant to 22 NYCRR 202.48(a), the plaintiff was required to submit a notice of settlement and proposed order within 60 days after September 16, 2009.
Contrary to the plaintiff's argument, its notice to David that it was presenting the Supreme Court with a proposed order for settlement and signature did not satisfy the requirements of 22 NYCRR 202.48(a), because that order was not accompanied by all the required papers. Nor did the plaintiff offer good cause for its substantial delay in submitting the required papers (see Parisi v McElhatton, 209 AD2d 495; Madigan v Klumpp, 173 AD2d 593, 594). Accordingly, we agree with the court's determination that, pursuant to 22 NYCRR 202.48, the plaintiff's motion for summary judgment was abandoned, thus warranting the vacatur of the decision entered September 16, 2009 (see Citibank v Velazquez, 284 AD2d 364; Zaman v Shukla, 248 AD2d 379).
We also agree with the Supreme Court's determination, in effect, granting that branch of the motion of David and Chittra which was pursuant to CPLR 3215 to dismiss the complaint insofar as asserted against Chittra. Although the plaintiff sought summary judgment against David, it failed to take steps to enter a default judgment against Chittra within one year of her default (see CPLR 3215), without any reasonable excuse for its delay (see Bank of Am., N.A. v Rice, 155 AD3d 593; HSBC Bank USA, N.A. v Grella, 145 AD3d 669). Chittra, as a fee owner of the property which was subject to the mortgage, was a necessary and indispensable party to the action (see Home Fed. Sav. Bank v Versace, 272 AD2d 576; Bancplus Motge Corp. v Galloway, 203 AD2d 222). Once the complaint was dismissed against Chittra, the plaintiff could not continue the action against the other defendants (see RPAPL 1311[1]; CPLR 1001, 1003).
The parties' remaining contentions either are without merit or need not be addressed in light of our determination.
Accordingly, we agree with the Supreme Court's determination to direct dismissal of the complaint in its entirety.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court