Aurora Loan Servs., LLC v Yogev (2021 NY Slip Op 03297)





Aurora Loan Servs., LLC v Yogev


2021 NY Slip Op 03297


Decided on May 26, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-08626
 (Index No. 32051/10)

[*1]Aurora Loan Services, LLC, respondent,
v
Michal Yogev, appellant, et al., defendants.


Naidich Wurman LLP, Great Neck, NY (Richard S. Naidich and Robert P. Johnson of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret Stefandl of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Michal Yogev appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated February 2, 2017. The order denied the motion of the defendant Michal Yogev, in effect, (1) pursuant to 22 NYCRR 202.48 to deem, as abandoned, the motion of nonparty Nationstar Mortgage, LLC, the plaintiff's assignee, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Michal Yogev, to strike that defendant's answer, and for an order of reference, and (2) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof denying that branch of the motion of the defendant Michal Yogev which was, in effect, pursuant to 22 NYCRR 202.48 to deem, as abandoned, the motion of nonparty Nationstar Mortgage, LLC, the plaintiff's assignee, inter alia, for summary judgment on the complaint insofar as asserted against that defendant, to strike that defendant's answer, and for an order of reference, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs payable to the defendant Michal Yogev.
In March 2007, the defendant Michal Yogev (hereinafter the defendant) executed a note in the principal sum of $380,000 in favor of Wall Street Mortgage Bankers, Ltd., doing business as Power Express (hereinafter Wall Street Mortgage). The note was secured by a mortgage on certain real property located in Queens.
In December 2010, the plaintiff, Wall Street Mortgage's successor in interest, commenced this action against the defendant, among others, to foreclose the mortgage. In 2012, the mortgage was assigned to nonparty Nationstar Mortgage, LLC (hereinafter Nationstar). By notice of motion dated January 15, 2015, Nationstar, as assignee of the plaintiff, moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike the defendant's answer, and for an order of reference. In a decision dated April 27, 2015, the Supreme Court granted Nationstar's motion. That decision concluded with the phrase "[s]ettle order."
By notice of motion dated October 10, 2016, the defendant moved, in effect, (1) [*2]pursuant to 22 NYCRR 202.48 to deem, as abandoned, Nationstar's motion and (2) to dismiss the complaint insofar as asserted against him. The Supreme Court denied the defendant's motion. The defendant appeals.
"Proposed orders . . . with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted" (22 NYCRR 202.48[a]). "Failure to submit the order . . . timely shall be deemed an abandonment of the motion or action, unless for good cause shown" (22 NYCRR 202.48[b]). These provisions are not applicable where the decision does not explicitly direct that the proposed judgment or order be settled or submitted for signature (see Funk v Barry, 89 NY2d 364). However, the direction to "settle" order "ordinarily entails more complicated relief," and therefore "contemplates notice to the opponent so that both parties may either agree on a draft or prepare counter proposals to be settled before the court" (id. at 367; see LaSalle Bank N.A. v Benjamin, 164 AD3d 1223, 1225). Here, Nationstar failed to timely settle the order pursuant to the requirements of 22 NYCRR 202.48(a), and did not show good cause for its failure to do so (see Bove v Bove, 189 AD3d 1151; Citibank v Velazquez, 284 AD2d 364, 364-365; cf. Deutsche Bank Natl. Trust Co. v Quinn, 186 AD3d 561). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was pursuant to 22 NYCRR 202.48 to deem, as abandoned, Nationstar's motion.
The defendant's remaining contentions are without merit.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court