Citizens Bank, N.A. v Silverman (2024 NY Slip Op 51331(U))

[*1]

Citizens Bank, N.A. v Silverman

2024 NY Slip Op 51331(U)

Decided on September 26, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 26, 2024
Supreme Court, Kings County

Citizens Bank, N.A., Plaintiff,

against
Matthew Silverman and SILVER WORLDWIDE VENTURES LLC, Defendants.

Index No. 528550/2023

Aaron D. Maslow, J.

NYSCEF Document Numbers used: 1-34.
This action was commenced on October 3, 2023 by Plaintiff Citizens Bank, N.A. ("Plaintiff") against Defendants Matthew Silverman ("Silverman") and Silver Worldwide Ventures LLC ("Silver LLC"). It was alleged that Plaintiff, as lender, entered into a written commercial loan with Defendant Silver LLC, as borrower, for a line of credit of $100,000.00, which was guaranteed by Defendant Silverman. Defendant Silver LLC defaulted. Demand for payment was sent to both Defendants but the balance due remained outstanding. As of September 8, 2023, the balance due, including principal, interest, late charges, and an annual fee was $103,913.00. (See generally NYSCEF Doc No. 1, complaint.)
Defendants did not serve and file a formal answer to the complaint. Defendant [*2]Silverman did submit an "answer," alleging the following:
I am writing in response to the complaint filed against me by Silver Worldwide Ventures LLC. Please find my answers to the relevant details below:
Due to the unprecedented challenges posed by the COVID-19 pandemic, my business, Silver Worldwide Ventures LLC, has faced severe financial hardship. This has significantly impacted our ability to meet the financial obligations outlined in the complaint.
Request for Alternative Resolution:
In light of the extreme circumstances, I am actively seeking alternative arrangements to address the outstanding financial obligations. I kindly request a 12-month period to stabilize my business and make a reasonable offer to resolve this matter. I am open to negotiations, discussions, or mediation to find a fair and feasible resolution.
I can be reached at [ ] or [ ] for any further communications regarding this matter.
I understand the gravity of this situation and assure the court of my commitment to addressing and resolving this matter responsibly. I appreciate your understanding in this matter.
(NYSCEF Doc No. 8, answer.)
Plaintiff moved for summary judgment, seeking the following relief:
Awarding to Plaintiff summary judgment against Defendants, jointly and severally, and that actual damages be assessed against them in the amount of $109,212.06 (broken out as follows ($99,945.00 principal; accrued interest of $8,587.64, late charges of $379.42 and annual review fee of $300.00) with interest accruing at the rate of $31.23281 per day after February 1, 2024 until the entry of judgment;
A. Plaintiff requests that the Court further award Plaintiff contractual costs and fees incurred in connection with this matter, as well as reasonable attorneys' fees and expenses as provided for in the Agreement in the amount of $6,183.14 and
B. That the Court grant such further relief as this Court may deem just and proper.
(NYSCEF Doc Nos. 9, 21, notice of motion.)
The documents submitted in support of Plaintiff's motion for summary judgment were properly authenticated in an affidavit from a Managed Assets Recover Officer (see NYSCEF Doc Nos. 14-17, affidavit & exhibits). They evidenced that Defendants executed the loan and guarantee documents and that the amounts claimed by Plaintiff as due and owing were accurate.
In opposition to Plaintiff's motion for summary judgment, Defendant Silverman appeared pro se. Defendant Silver LC did not appear (an LC must be represented by an attorney). Defendant Silverman's written opposition to the summary judgment motion stated a follows:
COMES NOW the Defendant, Matthew Silverman, pro se, and respectfully submits this response to Plaintiff's Motion for Summary Judgment. Defendant requests that this Court deny Plaintiff's motion, or in the alternative, grant Defendant an extension of time to obtain counsel and properly respond to the motion.
1. Defendant acknowledges the existence of the debt owed to Plaintiff, Citizens Bank, [*3]N.A.
2. Defendant is currently facing severe financial hardship, relying on government assistance and food stamps, with no personal income for the past 10 months. Defendant's business, Silver Worldwide Ventures LLC has generated no income in the current or previous year.
3. On May 17, 2024 Defendant appeared in court as required. At that time, the Honorable Judge advised Defendant to obtain legal counsel and return on August 9, 2024.
4. Despite diligent efforts, Defendant has been unable to secure legal representation due to financial constraints. Defendant has contacted multiple legal aid organizations and pro bono services but has been unsuccessful in obtaining assistance for this business debt case.
5. Defendant lacks the legal expertise necessary to adequately respond to Plaintiff's Motion for Summary Judgment without the assistance of counsel.
6. Defendant has made good faith efforts to resolve this matter, including providing financial statements to Citizens Bank and exploring all possible avenues for settlement, including submitting a loan forgiveness letter based on severe hardship.
7. Defendant is willing to resolve this matter but requires legal guidance to do so properly and to fully understand the implications of any potential resolution.
8. Granting Summary Judgment at this time, when Defendant has been unable to obtain the legal representation recommended by the Court, would result in substantial injustice.
WHEREFORE, Defendant respectfully requests that this Court:
a) Deny Plaintiff's Motion for Summary Judgment to allow Defendant the opportunity to obtain legal counsel and prepare a proper defense; or
b) In the alternative, grant Defendant an extension of 90 days to obtain legal counsel and file a proper response to Plaintiff's motion for Summary Judgment.
(NYSCEF Doc No. 23, response to motion.)
Clearly, Plaintiff presented a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Defendant Silverman failed establish the existence of material issues of fact (see Zuckerman v City of New York, 49 NY2d 557, 560 [1980]). Acknowledging a debt but not being able to pay it is a legally insufficient excuse and does not constitute a defense to awarding summary judgment to a lender. "Defendant's financial hardship however causing inability to pay is not a defense nor a material triable issue of fact to be considered in judgment as a matter of law" (Bank of Am. v Cooper, 63 Misc 3d 1214[A], 2019 NY Slip Op 50534[U]).
Thus, after oral argument on August 9, 2024, this Court granted summary judgment to Plaintiff against both Defendants and ordered that Plaintiff shall "settle order on notice" (NYSCEF Doc No. 30). Plaintiff complied with the Court's directive and served Defendants with a notice of settlement of a proposed order on the same day, August 9, 2024 (see NYSCEF Doc Nos. 27, 28, notice of settlement & affidavit of service).
In turn, Defendant Silverman did not submit a proposed counter-order. Rather, on September 9, 2024, he submitted what was denoted as a "Motion for Postponement of [*4]Judgment," in which he wrote:
Defendant Matthew Silverman, appearing pro se, hereby moves this Court for an Order postponing the entry of judgment in the above-captioned matter for a period of 30 days. In support of this motion, Defendant states as follows:
1. On August 9, 2024, this Court granted Plaintiff's Motion for Summary Judgment.
2. The proposed judgment is scheduled to be presented for signature on September 10, 2024.
3. Defendant is currently engaged in good faith settlement negotiations with Plaintiff's counsel.
4. Plaintiff's counsel has submitted a settlement offer to Citizens Bank and has been awaiting a response for over a month.
5. There is a genuine possibility that these negotiations may lead to a mutually agreeable resolution, which would obviate the need for further court proceedings and conserve judicial resources.
6. Defendant is in the process of securing legal counsel for Silver Worldwide Ventures LLC to address the issue of corporate representation raised in the summary judgment decision.
7. A brief postponement would serve the interests of justice by allowing the parties to potentially resolve this matter without further litigation, while also addressing the procedural issue of corporate representation.
8. A short delay in entering judgment would not unduly prejudice the Plaintiff, especially given that they are currently considering a settlement offer.
WHEREFORE, Defendant respectfully requests that this Court:
A. Postpone the entry of judgment for a period of 30 days from the date of this motion;
B. Allow the parties to continue their settlement negotiations during this period;
C. Permit Defendant to secure proper legal representation for the corporate entity;
D. Grant such other and further relief as the Court deems just and proper.
(NYSCEF Doc No. 32, "motion for postponement of judgment.")
In response, on September 9, 2024, Plaintiff's counsel asserted that "Silverman's untimely 'Motion' was inappropriate and not based on any law or court rule. Moreover, Silverman failed to present this Court with a counter-order or otherwise comply with 22 NYCRR § 202.48 requiring any proposed counter-order be submitted with a copy clearly marked to delineate each proposed change to the order to which objection is made. In fact, Silverman failed to object in any way to Citizens' proposed order, instead Silverman is seeking to improperly delay presentment of Citizens' proposed order." (NYSCEF Doc No. 33, affidavit ¶ 7.) Counsel also maintained that the parties had not settled the matter (see id. ¶ 7).
Defendant Silverman's last missive to the Court, submitted September 9, 2024, stated as follows:
EMERGENCY REPLY AFFIRMATION IN FURTHER SUPPORT OF MOTION FOR POSTPONEMENT OF JUDGMENT
I, Matthew Silverman, hereby affirm under penalty of perjury:
1. I am the defendant in this action, appearing pro se. I submit this emergency reply in [*5]further support of my Motion for Postponement of Judgment, filed earlier today, and in response to the opposition filed by plaintiff's counsel (NYSCEF Doc # 33).
2. While the plaintiff's counsel correctly states that the parties have not yet settled this matter, I respectfully submit that active settlement negotiations are ongoing. I provide the following timeline to demonstrate my good faith efforts:
a) On August 12, 2024, I submitted a settlement offer to plaintiff's counsel.
b) On August 16, 2024, plaintiff's counsel confirmed receipt of my offer and stated they would present it to Citizens Bank for consideration.
c) On September 3, 2024, I followed up with plaintiff's counsel regarding the status of my offer.
d) On September 6, 2024, plaintiff's counsel informed me that they were still awaiting a response from Citizens Bank regarding my settlement offer.
e) Today, September 9, 2024, I again inquired about the status of my settlement offer, demonstrating my continued commitment to resolving this matter.
As of this filing, I have not received a definitive response from Citizens Bank regarding my settlement offer, despite my diligent follow-ups. This ongoing process demonstrates my good faith efforts to resolve this matter without further court intervention.
3. I respectfully disagree with plaintiff's counsel's characterization of my motion as "inappropriate" and "not based on any law or court rule." My motion is a good faith request based on ongoing settlement talks, as evidenced by the timeline above, and my efforts to secure corporate representation for Silver Worldwide Ventures LLC.
4. I acknowledge any procedural errors in my initial filing, which are due to my pro se status and the urgency of the situation. I respectfully request that the Court consider the substance of my motion despite any technical deficiencies, in the interests of justice.
5. Regarding corporate representation, I am actively seeking counsel for Silver Worldwide Ventures LLC. I have contacted several law firms specializing in corporate law and am awaiting responses regarding potential representation. This effort addresses a fundamental issue raised in the summary judgment decision.
6. While I understand the plaintiff's desire to proceed without delay, I submit that a brief postponement would serve the interests of justice by allowing for the potential conclusion of settlement negotiations and ensuring proper representation. This short delay would not cause undue prejudice to the plaintiff, as their rights will not be materially affected, while it could potentially lead to a resolution that saves judicial resources and satisfies both parties.
7. I respectfully remind the Court that I have been diligently engaged in this process, as evidenced by my consistent communication with plaintiff's counsel and my efforts to comply with court procedures to the best of my ability as a pro se litigant.
WHEREFORE, I respectfully request that this Court grant my motion for a 30-day postponement of the entry of judgment to allow for the conclusion of settlement negotiations and securing of corporate representation. I am available to appear before the Court on short notice if the Court requires any additional information or clarification.
(NYSCEF Doc No. 34, emergency reply affirmation.)
"A court rule applicable to Supreme and County Courts directs that '[u]nless the circumstances require settlement of an order, a judge shall incorporate into the decision an order [*6]effecting the relief specified in the decision' (22 NYCRR 202.8 [g])" (Charalabidis v Elnagar, 188 AD3d 44, 49 [2d Dept 2020]). "On occasions when a court renders a mere decision on a motion, the decision can be converted into an order by the execution of a proposed order with notice of settlement, under the procedures defined by 22 NYCRR 202.48. Such orders are to be sought within 60 days from the date of the decision; otherwise, the underlying motion is deemed abandoned absent good cause shown (see 22 NYCRR 202.48 [b]; Funk v Barry, 89 NY2d 364, 366 [1996]; HSBC Bank USA, N.A. v Moley, 145 AD3d 970, 971-972 [2016]; Pol v Ashirov, 131 AD3d 523 [2015]; Citibank v Velazquez, 284 AD2d 364 [2001]; Brady v Brady, 271 AD2d 563, 564 [2000]). An order issued upon notice of settlement must meet the same unyielding criteria of CPLR 2219 (a) as an order rendered by a court upon directly determining a motion." (Id. at 50-51.)
"A directive to 'settle,' by contrast, 'is reserved for more complicated dispositions, such as orders involving restraints or contemplating a set of follow-up procedures' (id.). Because the decision ordinarily entails more complicated relief, the instruction contemplates notice to the opponent so that both parties may either agree on a draft or prepare counter proposals to be settled before the court (id.; see, 22 NYCRR 202.48 [c]; see also Siegel, NY Prac § 250, at 376-377 [2d ed]). . . . [F]urther drafting and judicial approval of the judgment or order is contemplated (see generally, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2220:3, C2220:4, at 166-171; CPLR 5016, at 642; see also, Legislative Studies and Reports, subd [c], McKinney's Cons Laws of NY, Book 7B, CPLR 5016, at 644)." (Funk v Barry, 89 NY2d 364, 367 [1996]; see RLF Stillwell, LLC v Riley, 80 Misc 3d 171 [Sup Ct, Bronx County 2023].)
22 NYCRR 202.48, within the Uniform Rules for the Supreme Court and the Count Court, provides:
(a) Proposed orders or judgments, with proof of service on all parties where the order is directed to be settled or submitted on notice, must be submitted for signature, unless otherwise directed by the court, within 60 days after the signing and filing of the decision directing that the order be settled or submitted.
(b) Failure to submit the order or judgment timely shall be deemed an abandonment of the motion or action, unless for good cause shown.
(c) (1) When settlement of an order or judgment is directed by the court, a copy of the proposed order or judgment with notice of settlement, returnable at the office of the clerk of the court in which the order or judgment was granted, or before the judge if the court has so directed or if the clerk is unavailable, shall be served on all parties either:
(i) by personal service not less than five days before the date of settlement; or
(ii) by mail not less than 10 days before the date of settlement.
(2) Proposed counter-orders or judgments shall be made returnable on the same date and at the same place, and shall be served on all parties by personal service, not less than two days, or by mail, not less than seven days, before the date of settlement. Any proposed counter-order or judgment shall be submitted with a copy clearly marked to delineate each proposed change to the order or judgment to which objection is made.
In the case at bar, after granting summary judgment to Plaintiff, the Court was of the view that a detailed order needed to be submitted considering that at issue was a breach of a loan [*7]contract. An order would delineate the specific provisions detailing how much was owed by Defendants. Therefore, taking into account that Plaintiff had not submitted a proposed order in advance along with its motion papers, as required by IAS Part 2 Rules, Part II, Subpart B, § 4 [FN1]
 (https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml), it was appropriate to direct settlement of an order when the summary judgment motion was granted. Plaintiff strictly complied with the Court's directive as well as with the provisions of 22 NYCRR 202.48. Defendants have not.
Perhaps Defendants misperceive the purpose of settling an order. The term "settling an order" refers to the submission to the court of a proposed order for its review. The proposed order is to embody the outcome of the motion, as determined by the court, and contain the specific provisions for implementing the determination. Settling an order is not a last-chance opportunity for a party to oppose a motion which was already granted. It is not a "do-over." Here, Defendant Silverman's post-motion determination papers rehash his earlier arguments that he wants to settle his indebtedness to Plaintiff, is engaging in settlement negotiations, is trying to locate a lawyer for his LLC, and, impliedly, is undergoing financial hardship. The process of settling an order is not an opportunity to submit more motions regarding the relief sought by the adversary. (In any event, Defendant Silverman failed to properly interpose a motion procedurally (see CPLR 2211 ["A motion on notice is made when a notice of the motion or an order to show cause is served."]). Even if Defendant Silverman is endeavoring to settle this matter with Plaintiff, that does not estop Plaintiff from pursuing the relief it is entitled to in the form of an order and, subsequently, a judgment (see Pherbo Realty Corp. v Board of Assessors of Town of Fishkill, 104 AD2d 1037 [2d Dept 1985]; Cislo v DiPasquale, 51 AD2d 874 [4th Dept 1976]). Therefore, the Court disregards the submissions of Defendants made following the Court's issuance of its directive to settle order on notice.
Defendants not having properly submitted a proposed counter-order for review by the Court during the process of settling an order, and Plaintiff's proposed order containing provisions accurately describing the Court's determination and directions to the clerk in such detail as is necessary, and
The issues in the above entitled action having duly come for decision by way of Plaintiff's Motion for Summary Judgment against Defendants before the Hon. Aaron D. Maslow of the Supreme Court, Kings County, IAS Part 2, held at the Courthouse thereof located 360 Jay St., Brooklyn, New York 11201, and the Plaintiff Citizens Bank, N.A. having duly moved the Court by its attorneys, Simon PLC Attorneys & Counselors with its Notice of Motion dated February 28, 2024, the Amended Notice of Motion dated February 29, 2024, the Affirmation of Craig T. Mierzwa, Esq. dated February 28, 2024, the Affidavit of Elizabeth Franco dated February 28, 2024, the Memorandum of Law dated February 28, 2024, and the Reply Affirmation of Craig T. Mierzwa, Esq. in Further Support dated August 7, 2024, all filed electronically via NYSCEF, and the Defendant Matthew Silverman having opposed the [*8]Plaintiff's motion for Summary Judgment by response in opposition dated August 6, 2024, the issues having been considered at a hearing held on August 9, 2024, whereby Matthew Silverman appeared pro se for himself, and the Court granted Plaintiff's motion for Summary Judgment and ordered such relief by Decision dated August 9, 2024, in favor of the Plaintiff Citizens Bank, N.A. and against the Defendants;
Accordingly it is,
ORDERED that Plaintiff's motion for Summary Judgment against Matthew Silverman and Silver Worldwide Ventures LLC, jointly and severally, is granted in the sum of One Hundred Nine Thousand Two Hundred Twelve and 06/100 ($109,212.06) Dollars, (broken out as $99,945.00 principal, accrued interest of $8,587.64, late charges of $379.42 and annual review fee of $300.00) together with per diem interest of $31.23281 per day after February 1, 2024 until the entry of judgment and thereafter at the statutory rate; and it is
FURTHER ORDERED that Plaintiff is entitled to its contractual attorneys' fees and costs in the amount of Six Thousand One Hundred Eighty-Three and 14/100 ($6,183.14) Dollars, pursuant to the affirmation of Craig T. Mierzwa, Esq. dated February 28, 2024; and it is
FURTHER ORDERED that Plaintiff is entitled to statutory costs and is directed to submit a bill of costs to the Kings County Clerk with its judgment and it is
FURTHER ORDERED that the Plaintiff is directed to file and the Kings County Clerk is directed to enter judgment in accordance with this order.
This constitutes a decision and order of this Court.
Dated: September 26, 2024
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1: "§ 4. Proposed orders. All movants shall submit with their motion papers a proposed order for the Court's consideration as an exhibit with the Additional Document Information description of "Proposed Order." Proposed orders seeking full consolidation of actions shall include the new caption. Parties opposing a motion may submit a counter-proposed order as an exhibit with the Additional Document Information description of "Proposed Counter-Order."